Sullivan, J.
Qhauncey Bose and others filed a petition, according to the provisions of the 24th section of the execution law (Rev. Stat., 1838, p. 284), against the administrators, heirs, and legal representatives of Elisha U. Brown, deceased, praying for the proper writ of execution against the real estate of said Brown, on a judgment obtained in the same Court by the petitioners against the administrators of the deceased. The petition contains all the averments required by the statute.
The defendants, by their plea, admit the judgment, execution, and return of nulla bona, as stated, in the petition, but *75 say that the petitioners ought not to have execution against the real estate of the decedent, because they say that there are assets sufficient in the hands of the administrators unadminis-tered, to pay said debt, &c., consisting of notes payable to said administrators, obtained in part for the personal property of the said decedent by them sold in due course of administra-tionj and in part for real estate sold by them according to law, and by virtue of an order of the Probate Court of Vigo county, which said last mentioned sales wore made on a credit not yet expired; and that the amount when collected will be sufficient, &c.
The plea was demurred to and decided by the Court to be Insufficient. Judgment for the petitioners.
The act under which the proceedings in this case were had, must be construed in connection with the 29th section of the act organizing Probate Courts, &c., Rev. Stat., 1838, p. 182. By the latter act it is provided, that so soon as any executor or administrator discovers that the personal estate of the decedent whom he represents, is insufficient to pay the debts and demands against said estate, he shall cause an inventory of the real estate of such decedent to be taken and filed in the Probate Court, and obtain an order of Court for the sale of so much thereof as may be necessary to discharge *said debts and demands. Upon the sale of the real estate, the proceeds are assets in' the hands of the executor or administrator for the payment of the debts. The application, in cases like the present, is made for the benefit of the creditors, and the proceeds of the sales come into the hands of the executor or administrator as their trustee. If the executor or administrator fails or refuses to convert the real estate into assets for the payment of the debts, according to the provisions of the last named statute, the creditor is not thereby prevented from subjecting the real estate to the payment of his debt. Amongst other remedies is the one given by the statute, by virtue of which the proceedings in this ease were instituted. But when any portion of the land of a decedent has been converted into assets, on the application of an executor or admin *76 istrator, we think the fair construction of the statute is, that no other land can be sold until the assets which have come to his hands shall be exhausted. The creditor must look to the executor or administrator for a faithful application of the proceeds of the land sold. The Legislature did not intend to authorize the executor or administrator to sell a portion of the land of a decedent for the payment of his debts, and, at the same time, permit the creditors to sell the residue on execution for the payment of the same debts.
A. Kinney and S. B. GooJdns, for the appellants.
C. W. Barbour and W. P. Bryant, for the appellees.
The plea before us avers, that there are assets in the hands of the administrators, sufficient to pay the debts of the decedent, arising in part from land sold by them pursuant to an order of the Probate Court; and that, therefore, the petitioners ought not to have execution against the remaining land. The averments in the plea are sufficient to bar the plaintiff’s application, and the demurrer should have been overruled.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &e.