Dewey, J.
This was a motion to set aside an execution for irregularity. Carnahan, the appellant, recovered a judgment in a personal action against one Ward in the Circuit Court. Brown, the appellee, entered himself bail for the stay of execution. Carnahan sued out a joint fi. fa. upon the judgment against Ward and Brown, describing the latter as replevin-bail. Before the execution issued, and within a year preceding the trial of the motion, Ward died. On the motion of Brown, the Circuit Court quashed the execution.
We think there was no good reason for setting aside the execution. By virtue of the replevin, Brown became a. joint debtor with Ward in the judgment. Judgments in personal actions where there are several plaintiffs or defendants, one of whom may have died after judgment rendered, may be enforced by or against the survivors without a scire facias; but the writ of execution in such cases, in order to conform to the judgment, must be sued out in the joint names of all the plaintiffs or defendants. 2 Tidd’s Pr., 1048; 2 Saund., 72 k, n. 3.
' This principle is not affected by the provision of our probate act, that no action shall be brought against any executor or administrator until the lapse of one year from the date of his appointment. That provision was designed to give the execú *100 tor or administrator time to adjust the estate of the deceased, and to ascertain whether it be solvent or not. It was not intended to postpone the liability of a co-debtor with the deceased, whether surety or not. Nor is the enactment in the execution law, that if it appears upon the face off an ^execution, or by indorsement thereon, that a part', of the defendants are the sureties of the others, the property of the principal shall be first taken, applicable to this cause. That provision applies only to executions which are operative against all the defendants. The execution in question, though nominally against Ward and Brown for the sake of conforming to the judgment, could be enforced against Brown alone, on account of the death of Ward.
A. Ingram and Z. Baird, for the appellant.
R. A. Lockwood, for the appellee.
Per Owriam.—The judgment is reversed with costs. Cause remanded, &c.