*J. Ryman,* for the appellants.

Nov. Term,<br>1853.<br><br>EGBERT<br>v.<br>THE STATE.

---

## EGBERT *v.* THE STATE.

A judgment against an administrator, as such, to be paid out of the estate of the deceased, is not substantially, but merely nominally, a judgment against him: it is a judgment against the estate upon which he administers, and is never to be paid unless the estate is able to pay it.

Such a judgment was not, by the R. S. 1843, repleviable.

A person, by acknowledging himself a replevin bail upon such a judgment, did not, under the R. S. 1843, become liable for the debt.

APPEAL from the *Laporte* Circuit Court.

PERKINS, J.—*Scire facias* by the *State* against *Jacob Egbert* and others, to revive a judgment in the *Laporte* Circuit Court. Judgment of revivor below.

The *scire facias* alleges that the state of *Indiana* had previously recovered a judgment for over 1,000 dollars against "*Paul Egbert, Elisha Egbert* and *William Egbert,* administrators of the estate of *John Egbert,* deceased, to be levied of the goods and chattels of the said *John Egbert,* deceased, in the hands of said administrators to be administered," &c., and that said *Jacob Egbert* had entered himself replevin bail for the payment of said judgment at the expiration of one hundred and eighty days from its rendition, &c.; that the judgment had not been paid, and that the administrators had wasted the assets, &c.

*Paul, Elisha* and *William Egbert,* defendants, made default. *Jacob* pleaded—

Thursday,<br>December 1.

1. That *Elisha Egbert*, one of the defendants, had been discharged from his trust as administrator by the proper Probate Court.

2. That at the expiration of one hundred and eighty days, the plaintiff was not entitled to execution on said judgment.

3. That at the expiration of said one hundred and eighty days, no waste had been committed by the administrators.

4. That said administrators had faithfully applied all of the assets of said estate to the payment of debts owed by said estate, having by law priority of payment over the judgment in this suit mentioned.

General demurrers to these pleas sustained, and final judgment for the plaintiff below. Appeal by the defendant to this Court.

The demurrers go back to the *scire facias*, and it must, therefore, first be considered.

It is claimed that it is bad because it does not show a valid recognizance of replevin bail, but, on the contrary, shows one entered to stay a judgment not repleviable.

This objection imposes upon us the necessity of examining the statutes on the subject of replevin bail. Section 357, p. 738, R. S. 1843, enacts that "execution on such judgment thus stayed, and such recognizance of replevin bail, shall issue jointly against all the parties thereto." Under this provision, as is decided in *Carnahan* v. *Brown*, 6 Blackf. 93, the replevin bail becomes a joint judgment-debtor with the original defendant or defendants.

We must inquire, then, into the character of the judgment upon which *Jacob Egbert*, the defendant resisting below, and the plaintiff in this Court, became replevin bail.

It was a judgment in a suit instituted for the recovery of a demand against the estate of *John Egbert*, deceased, and required *Paul, Elisha* and *William Egbert*, the defendants, to pay it, according to the rules of law, out of the assets of said estate which might come to their hands as administrators; and that it should be so paid, was the ex-

tent of the liability to which the judgment, as such, sub-jected them. And as *Jacob* became, by his engagement, if the judgment was a repleviable one, a joint judgment-debtor with those men, the extent of his liability was simply that said judgment should be paid in that manner. In the event, then, that *Jacob Egbert* should be held legally liable to that extent, it will follow that his fourth plea was a bar to this proceeding against him, and that the Court below erred in sustaining a demurrer to it; for that plea alleged, in substance, that no assets for the payment of said judgment had come to the hands of said adminis-trators, as all assets that had come to their hands had been exhausted in the payment of claims having a legal priority.

But we do not hold said *Egbert* legally liable as a judg-ment-debtor to any extent, not regarding the judgment in question a repleviable one. Under the statute above quoted, he could become, as we have seen, liable only as a joint judgment-debtor, the extent of which liability would be that the judgment should be paid out of assets, &c. But the statute nowhere provides for any such lim-ited entry of replevin bail; but, on the contrary, expressly enacts that such entry shall be substantially in the fol-lowing form: "I acknowledge myself replevin bail for the payment of the foregoing judgment," &c. And s. 346, p. 736, enacts, that "any party against whom a judg-ment shall have been obtained, may have a stay," &c.; and s. 347, p. 737, provides that any such person wishing for the stay, may have it by procuring some sureties to become bail for the payment of the judgment, interest and costs, at the expiration of the stay; and, if not so paid, s. 357, p. 738, requires that a joint execution issue, to be levied, first upon "the property of the defendant or defendants in the original judgment;" and, that proving insufficient, then "upon the property of the bail." These are all the provisions authorizing replevin bail, and they show plainly enough that the judgments made replevia-ble are those rendered against defendants in their per-sonal capacities, which they are bound to pay absolutely

Nov. Term,
1853.

EGBERT
v.
THE STATE.

out of their own property. A judgment against an administrator, as such, to be paid out of the estate of the deceased, is not substantially, but merely nominally, a judgment against him. It is a judgment against the estate upon which he administers, and is never to be paid unless the estate is able to pay it. The administrator is not, by such a judgment, rendered absolutely liable for its payment. Such a judgment is not within the statutes authorizing replevin bail.

Nor should the law authorize the replevying of such a judgment. The administrator is allowed one year before he can be sued, to dispose of the personal property of the estate, and turn it into money; and if, after that time, he finds it necessary to proceed, and does proceed, against real estate, it appears from the cases of *Brown et al.* v. *Rose et al.*, 6 Blackf. 69, and *Brownfield* v. *Vail et al.* 7 *id.* 203, that the courts will stay proceedings on judgments against him, as administrator, whereon attempts are being made to reach that.

If, on the other hand, the administrator has in his hands, at the time judgment may be rendered, money with which it might be paid, he ought not to be allowed to stay the judgment six months, in order to speculate with the money himself.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles*, for the appellant.

*D. S. Gooding*, for the state.