No. 7745.

TAYLOR, ASSIGNEE, *v.* RUSSELL, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Principal and Surety.—Replevin Bail.*—Where one becomes replevin bail upon a judgment rendered against the principal debtors, and against the estate of a deceased surety as such, at the request of the principal debtors, he must look to them alone for reimbursement for the payment of the judgment, and can not enforce a claim for payment against the estate of the surety.

SAME.—*Judgment Against Administrator not Repleviable.*—Such judgment against an administrator is not repleviable, and the result of the entry of replevin bail is the same as if objection had been made under section 430, 2 R. S. 1876, p. 205.

SAME.—*Query.—Filing Claim.—Limitation.*—Should not such a claim be filed within one year from the date of the first appointment of an executor or administrator, and notice thereof?

From the Hendricks Circuit Court.

*T. J. Cofer* and *N. M. Taylor*, for appellant.
*C. C. Nave*, for appellee.

WOODS, J.—The appellee, as administrator of the estate of Samuel A. Verbriche, filed a report for final settlement, showing that he had disbursed on claims, and to the widow of the deceased, a sum in excess of all moneys which had

come to his hands, both from the real and the personal estate. The appellant, as assignee in bankruptcy of James Nichols, filed an exception to the report, averring, in substance, that he is assignee of the estate of said Nichols, a duly adjudged bankrupt, and that pursuant to and by authority of a certain order and written permit of the District Court of the United States for the District of Indiana, a copy of which is given, he excepts to said report for the following reasons, to wit: That as such assignee he has a valid preferred claim against said estate in the sum of three hundred and sixty-five dollars; that said Verbriche, in his lifetime, became surety upon a note executed by Jules A. Viquesney and George W. Robinson, as principals, to Valentine Lingenfelter, in the sum of three hundred dollars; that after the death of said Verbriche, and on the 7th day of October, 1876, judgment was rendered on said note in the sum of three hundred and twenty-one dollars against said Viquesney and Robinson as principals, and said Robinson C. Russell, administrator of the estate of said Verbriche, as surety; that afterwards, on the 15th day of November, 1876, said James Nichols became replevin bail for the stay of execution on said judgment; that afterwards, to wit, December 3d, 1877, said Nichols, bankrupt, as such replevin bail, was forced to, and did, pay off and satisfy said judgment, interest and costs, in the sum of three hundred and fifty dollars; that said Viquesney is now, and for the last twelve months has been, in bankruptcy, and said George W. Robinson has left the State of Indiana, leaving no property with which to satisfy said claim; that the estate of said Verbriche is solvent, and there are assets thereof with which to satisfy said claim, which is due and unpaid, but the administrator has failed and refused, and still refuses, to pay the same. Wherefore said assignee asks that said report be not approved, and that the administrator be ordered to pay said claim out of the assets of said estate, and that the court allow full relief in the premises.

To this complaint, or statement of exception, the court sustained a demurrer and gave judgment for the appellee. The appellant saved an exception to the ruling, and has properly assigned error thereon. The proceedings in the court below were had in October, 1878.

It may be observed that the appellant's claim against the estate was probably one which under the law is required to be filed within one year from the date of the first appointment of an executor or administrator of the estate and notice thereof; yet it is not shown that he had ever filed his claim, nor but that the time had passed within which he was allowed to file it. But, without deciding anything upon this point, we pass to other considerations, upon which we conclude that the appellant had no valid claim against Verbriche's estate.

The allegation in this respect is that James Nichols became replevin bail upon the judgment which had been rendered against Viquesney and Robinson, as principal debtors, and the estate of Verbriche, as surety; but at whose request he became bail, or whether at the request of anybody, is not alleged. The provision of the code, section 420, is that any person, against whom a judgment has been rendered for the recovery of money or property, "may, by procuring one or more sufficient freehold sureties, to enter into a recognizance," etc., have a stay of execution. But there is no authority for any one volunteering to become replevin bail. By the 430th section it is provided that if one of two or more judgment defendants be surety for any other or others in the contract on which the judgment is founded and object to a stay, no stay can be allowed unless the bail undertake specially to pay the judgment, if it can not be levied of the principal defendant. The appellant's complaint does not show but that, in becoming bail, Nichols was a volunteer, nor that he did not bind himself specially to pay the judgment if not levied of the principal defendants. It is manifest that a stay

of execution can be of no direct advantage to an estate against which a judgment has been rendered, and in such cases as this, where the judgment is against the principal debtor as such, and against the estate as surety only, the entry of replevin bail is likely to result in harm to the estate, if he who enters into the recognizance can have recourse upon the estate to recover any sum which he may be forced to pay. If such be the law, it would seem to be the clear duty of an administrator or executor in any such case to interpose an objection to a stay, and, in default of so doing, he might be liable on his bond for any injury suffered by the estate. It was held, however, in *Egbert* v. *The State*, 4 Ind. 399, that a judgment against an administrator was not repleviable.

Citing the statutory provisions in relation to the subject, the court said: "These are all the provisions authorizing replevin bail, and they show plainly enough that the judgments made repleviable are those rendered against defendants in their personal capacities, which they are bound to pay absolutely out of their own property. A judgment against an administrator, as such, to be paid out of the estate of the deceased, is not substantially, but merely nominally, a judgment against him. It is a judgment against the estate upon which he administers, and is never to be paid unless the estate is able to pay it. The administrator is not, by such a judgment, rendered absolutely liable for its payment. Such a judgment is not within the statutes authorizing replevin bail." The statutory provisions referred to are substantially the same as those in the code of 1852, which govern this case. The only difference in the facts worthy to be noted is that in the case referred to the judgment was against the administrator alone; while in this case it is against living parties in their personal capacities, as well as against the administrator in his trust capacity. But there is no difficulty in the application of the rule. The judgment defendants, against whom an execution may issue, may, if they choose, procure the entry of replevin bail, but as the entry works no benefit

to the estate represented by the administrator, who is also defendant, and under the law is not applicable to the judgment against the administrator, the result is the same as if an objection to a stay had been made by the administrator, and he who goes bail in such case can have no recourse on the estate.

What the effect would be, if the estate were not in the position of a surety, as in this case, it is not necessary to decide, nor to consider. It may be suggested, however, that the direct result would be the same ; but indirectly the replevin bail, who had been compelled to pay the judgment, might have partial relief against the estate. The estate being liable to its co-defendants for a contributive share of the debt, in case they had paid it, he who, at the request of the co-defendants, became replevin bail and was compelled to pay the judgment, might be subrogated to the right to enforce the contribution. And so, if the estate were the principal debtor, and the replevin bail were entered on behalf of the surety in the judgment, the bail, who had paid the judgment, might be allowed to enforce the claim against the estate, for the entire amount which he had paid. But the appellant has no such right. He became replevin bail for the principal debtors, and at their request, if at the procurement of anybody who had a right to obtain bail, and to them alone he must look for reimbursement.

The judgment is affirmed with costs.