Doe, ex.dem. Shelton *v.* Hamilton.

JOHN DOE, ex dem. J. SHELTON *vs.* OSCAR HAMILTON.

The court below charged the jury that " A purchase made under an execution, tested and issued after the death of the defendant whose property was sold, without a proper revival, though previous executions may have issued in his lifetime, did not create any title, and that they must find for the defendant." *Held*, that this was error in the court below.

It was held by this court, as early as 1837, that a sale of land made under an execution issued and tested after the death of the defendant, without a revival of the judgment, was not void, but only voidable, and that a sale under it was good until regularly set aside, which could not be done in a collateral proceeding, but must be done in a direct suit for that purpose by the heir or terre-tenant. *Smith & Montgomery* v. *Winston & Lawson*, 2 How. 607, cited and confirmed. See 5 How. 256 ; 9 S. & M. 218.

This court entertaining as it does a proper respect for the opinions of the Supreme Court of the United States, yet with due deference to so distinguished a tribunal, when its decisions come in conflict with those of this court, in relation to questions over which the jurisdiction of this court is ample and its decisions final, feels bound to adhere to its own decisions. *Held*, that any other rule would subject the opinions of this court to a degree of fluctuation and change greatly to be deplored, for where courts of justice alter or change the rules of law which they have once established, under the faith of which contracts have been made or rights acquired, many of the most injurious effects of retrospective legislation will result from such action.

The land levied on was sold for five dollars, and there seems to be no disposition of the two slaves levied on also. This court has frequently held that a levy on personal property sufficient to satisfy the execution, is *primâ facie* a satisfaction of it.

Under the instruction which the court below gave the jury, no such question was submitted to them; for they were instructed " That the purchase made by the plaintiffs below under the execution, tested and issued after S.'s death, confirmed no title, and that they must find for the defendant." The jury had no discretion but to return a verdict as instructed. *Held*, that this was error in the court below.

THIS is a writ of error from the circuit court of Hinds county; Hon. George Coalter, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*John Shelton,* for appellant.

*L. V. Dixon,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiff in error commenced an action of ejectment in the circuit court of Hinds county, for the recovery of a tract of land. He claimed title by virtue of an execution sale against Ethelwin Sadler. After introducing the judgment and execution against Sadler, and the deed of the sheriff for the land to ·him, he rested his case ; and the defendant then proved that Sadler had been dead several years before the last issuance of the execution, by which the land was sold. The court charged the jury that " A purchase made under an execution tested and issued after the death of the defendant, whose property was sold, and without revival, though previous executions may have issued in his lifetime, did not create any title, and that they must find for the defendant."

This charge was erroneous. It was held by this court as early as 1837, that a sale of land made under an execution, issued and tested after the death of a defendant, without a revival of the judgment, was not void but only voidable ; and that a sale under it was good until regularly set aside, which could not be done in a collateral proceeding ; but must be in a direct suit for that purpose, by the heir or terre-tenant.

In *Smith & Montgomery* v. *Winston & Lawson,* 2 How. 67, this doctrine has been re-affirmed several times by this court, and we do not feel at liberty to disregard its adjudications. 5 How. R. 256 ; 9 S. & M. 218.

The case of *Erwin's Lessee* v. *Dundas,* 4 How. U. S. S. C. R. 74, decided by the supreme court of the United States, has been pressed upon our consideration. That case went up from Alabama, and the supreme court held, that a sale of lands made in Alabama, by virtue of an execution tested after the death of the defendant without revivor, was absolutely

42*

void, and not merely voidable. While we entertain a proper respect for the opinions of the supreme court, and are willing to yield to them the deference which is due to so distinguished a tribunal, yet, when its decisions come in conflict with those of this court, in relation to questions, over which the jurisdiction of this court is ample and its decisions final, we feel bound to adhere to our own decisions. Any other rule would subject the opinions of this court to a degree of fluctuation and change, greatly to be deplored. Retrospective legislation has always been deemed unjust and oppressive. Whenever courts of justice alter or change the rules of law they have once established, and on the faith of which contracts have been made, or rights acquired, many of the most injurious effects of retrospective legislation will result from such action. Entertaining this opinion, whatever views we might have been inclined to take of the question presented in the charge of the circuit judge, if it had been one of the first impression, we shall adhere to the rule laid down by this court, in the case of *Smith & Montgomery* v. *Winston & Lawson,* before referred to.

But it is said that the record shows that the judgment, by virtue of which the plaintiff in error claims title, had been previously satisfied by the levy of an execution on the personal property of the defendant, which was undisposed of. In looking at the record, we find that in July, 1838, an execution was levied by the sheriff of Newton county, on $638\frac{90}{100}$ acres of land and two slaves, Ephraim and Martha, and the sheriff returned, that the sale of this property was postponed by plaintiff till the execution was out of date. In June, 1843, a *venditioni exponas* was issued, commanding the sale of this property. The land was sold under it for five dollars, and the sheriff then in office returned that the slaves Ephraim and Martha were not, and had not been in his possession, and were not to be found in his county. The record presents no other proof in relation to these slaves, their value, or the disposition made of them. We have held frequently, that a levy on personal property sufficient to satisfy an execution, is *primâ facie* a satisfaction of it, and we still adhere to this rule. If the property levied

Doe, ex dem. Shelton *v.* Hamilton.

on was not of value sufficient to satisfy the execution, it is only a *primâ facie* satisfaction to the value of the property levied on. In this case the levy on the two slaves was certainly a *primâ facie* satisfaction to the value of the slaves. What that value was, we have no means of ascertaining from the record. That was a question which ought to have been submitted to the consideration of the jury. It may be that the jury would have found that the two slaves were of sufficient value to have satisfied the execution, and if so, they should have found for the defendant. Possibly, however, the jury might have found otherwise if the question had been left to them. But under the instruction which the court gave, no question was submitted to the jury. They were instructed that the purchase made by the plaintiff, under the execution tested after Sadler's death, conferred no title, and " that they must find for the defendant." It will be seen from this, that the court decided the whole case and left nothing to be done by the jury, except to return a verdict for the defendant, which they did. It is also said, that the possession of the premises by the defendant when the suit was brought was not proved. Upon looking at the bill of exceptions, we think there is a clear admission of that fact.

Let the judgment be reversed, and the cause remanded for further proceedings.