## WILLIAM L. HODGE *v.* JAMES A. MITCHELL.

It has heretofore been settled by this court, that a sale of land under execution issued and tested after the death of a defendant, without a revival, is not void, but merely voidable; and that a sale under it is valid, until regularly set aside in a direct proceeding for that purpose by the heir or terre-tenant. *Shelton's Lessee* v. *Hamilton*, 23 Miss. 496, cited and confirmed.

It was error to reject the record of the suit in chancery for the foreclosure of the mortgage upon the same lands to be recovered in this, as it was an adjudication of M.'s right and title under the mortgage, which, while it remained unreversed and in full force, would bar him from setting up any title under the mortgage.

If the decree dismissing the bill on its merits were erroneous, still it would stand as an adjudication of his rights, until reversed on error, or otherwise duly set aside.

In error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

James A. Mitchell filed his complaint in the circuit court of Yazoo county, to recover the lands mentioned in the complaint, against Thomas and Bridgeforth Hodge. The suit was dismissed as to Thomas, and abated as to Bridgeforth, and comes up to this court upon the issues joined between the plaintiff in error, and Mitchell, the plaintiff below.

On the trial, plaintiff read to the jury the mortgage, and the notes to be secured by it, and it being admitted that Hodge was the tenant in possession claiming title, plaintiff rested his case. The mortgage from D. G. & R. Moore, for the lands in controversy, was executed February 3d, 1841, and acknowledged and recorded February 4, 1841, in the probate clerk's office of Yazoo county, where the lands are situated. Both parties claimed from D. G. & R. Moore, as a mutual source of title.

The defendant then offered in evidence, from the records of the Yazoo circuit court, a judgment in favor of Byrne Herman & Co. against Peter C. Goosey, recovered on the 23d of November, 1838, for $3,700, on which execution issued, and a forthcoming bond was taken, with D. G. Moore security, which was

forfeited on the 6th day of May, 1839. An execution issued on said bond tested of November term, 1844, and on the     day of     1845, the land in controversy was levied upon, but no sale was had. A *venditioni exponas* was issued, under which the land in controversy was sold on the 16th day of March, 1846. The sheriff's deed to Hodge was acknowledged November 27, 1846, and recorded 11th October, 1847.

This deed was excluded from the jury, on proof being made that D. G. Moore, as whose property the land was sold, died before the *teste* of the execution.

Defendant read in evidence to the jury, a deed from Robert Moore, to D. G. Moore, conveying to D. G. Moore the interest of Robert Moore in said lands, executed May 14, 1839.

The defendant then offered in evidence the record of a bill filed by James A. Mitchell against E. C. Wilkinson et al., amongst whom was defendant Hodge, to foreclose said mortgage, which bill was filed February 14, 1845, and after supplements, answers, and proofs, the court made the following order:

" November Term, 1846.

" This cause coming on to be heard before the Hon. Robert C. Perry, judge, &c., and the matters and things therein being sufficiently understood by him, it is ordered, adjudged, and decreed, that the complainant's bill of complaint be dismissed, and that he pay the costs of this suit to be taxed, &c."

Which record was excluded, as not being pertinent to the issue.

This was all the testimony in the cause, and a verdict was found for the plaintiff Mitchell, and Hodge prayed this writ of error.

*N. G.* and *S. E. Nye* for appellant.

The death of a party prior to the test of an execution, where the judgment was rendered prior to the death, does not make void the sale under it. *Shelton* v. *Hamilton,* 23 Miss. R. 496, as conclusive upon this point.

It is certainly conclusive so far as the principle goes, and the principle governs the case now presented; but we under-

stand defendant in error as wishing the court to reconsider that question. We submit that it is too late to ask a reconsideration after a point has been so frequently and conclusively settled as this has; every decision from *Smith & Montgomery* v. *Winston & Lawson,* 2 How., to the case of *Shelton* v. *Hamilton,* above cited, holds the same doctrine. And if it ever was a question open for consideration, it certainly is not now; but the defendant insists that it is contrary to *Woodcock* v. *Bennett,* 1 Cowen; *Erwin's Lessee* v. *Dundas,* 4 How. U. S. S. C. R. 74. We admit that it is contrary to the rule in the first case, but that is not now the rule even in New York. But we do not so understand the supreme court of the United States in the last case; they in express terms declare their intention to make their decision conform to the Alabama decisions (it being a case from that State), but nowhere lay it down as a rule of property which prevails by virtue of the common law, in the absence of legislation. If such was their position, they have wisely receded from it in their last decision in the case of *Taylor* v. *Doe, ex dem. Miller,* 13 How. 287, which is a Mississippi case, and decided in accordance with the rule in *Shelton* v. *Hamilton;* and the same decision is given. This point we will not further press.

Upon the second point we entertain as little doubt. The question was *res adjudicata*; it is true it was in a different forum, but presented in a shape that settled the rights of all the parties; a mortgagee, it is true, can file his bill to foreclose and bring his action of ejectment at his own option, but if in his bill for foreclosure he makes parties who were not parties to the mortgage, and they insist upon the invalidity of the mortgage, or that their rights are superior to those of the mortgagee, and their respective rights are settled in this manner, it would appear to be an adjudication, declaring or settling their rights, and as binding between the parties and privies as any other adjudication could be. 1 Phillips on Ev. 334, 335; 3 Ib., Cowen & Hill's Notes, 825, and cases cited; 6 Wheat. 109. If the bill had been dismissed without prejudice it might be different.

So we conclude that there are at least two glaring errors in the ruling of the court below, to say nothing about the form and

manner in which they occurred; if we had to rely upon that alone, we do not think that it would be a new doctrine in this court, that evidence' which tends to establish or tends to prove the issue, should be permitted to go to the jury and its sufficiency be raised by instruction.

*Lawson* and *Henry* for appellee.

The plaintiff relies upon two points to establish error in the record : —

1st. That it was error to exclude from the jury the sheriff's deed to Hodge, on account of the death of the defendant in execution before its *teste;* and,

2d. That it was error to exclude from the jury the record of the bill to foreclose.

As to the first point, plaintiff in error relies upon the case of *Shelton* v. *Hamilton,* 23 Miss., to authorize a reversal. We think the court strongly intimate in that case, that it was decided on authority, and not upon principle, and that if it were a new question, the decision might be different. We submit to the court, whether it would not be better to settle the law upon principle, though it might involve the reversal of a former decision, than to subject the interests of property holden to the sacrifice of perpetual attempts to have it so settled. For when it is not settled upon principle, it is not regarded as settled at all, and there is an unceasing hope or fear of a change. High authorities, referred to by the court in *Shelton* v. *Hamilton,* have decided otherwise, and we think in conformity with principle. We, however, submit this point to the court, and pass to facts in the case, which we are satisfied will warrant an affirmance of the judgment.

The sheriff's deed to Hodge, under the Byrne, Herman & Co. execution, conveyed no title, for two reasons: —

1st. It had lost its lien, because it had not been enrolled, as required by the law of 24th of February, 1844; and,

2d. The sale took place on the 16th day of March, 1846, more than two years after the 24th of February, 1844, when its lien was lost, even if it had been enrolled.

After the verdict of the jury, there was a motion for a new

trial, and although the court might have been convinced there was error in its former ruling, it was competent and proper to refuse a new trial, when it appeared that the defendant could profit nothing by his motion.

These facts are fatal to the case of the plaintiff in error. The court will look through the whole record, and on its appearing that the appellant must fail on a second trial, it will not be granted. It is his own record, and he furnishes the facts which condemn his case. Upon this point, the court is referred to the following authorities: 8 S. & M. 298; 7 Ib. 715; 13 Ib. 403.

Then as to the second point made by appellant to show error, that it was wrong to exclude the bill to foreclose —

We apprehend in this, the court below was right. It is well settled that the mortgagee, after condition broken, may pursue his legal remedy by ejectment, and he may at the same time file his bill, for the purpose of foreclosing the mortgagor of his equity of redemption. The objects of the two suits are totally distinct; and it is no objection to the remedy sought at law, that the plaintiff has another remedy which he may pursue in equity. In the one, he seeks to obtain possession of the mortgaged premises; and in the other, to compel the mortgagor to pay the debt, for the security of which the mortgaged property was pledged. The bill might have been dismissed for many reasons which could not possibly apply to the suit at law. It is not *res adjudicata* when the parties are not the same, and the same rights are not litigated. The possession of the premises, and the payment of the debt, are distinct rights, and require distinct remedies. 4 Kent, 183, and notes; 9 Wheat. 489; 5 Cond. R. S. C. U. S. 652, 653; *Lessee of Wright* v. *Deklyne*, Peters' C. C. R. 199; 10 Johns. R. 481; *Aspden* v. *Nixon*, 4 How. S. C. R.; *Arnold* v. *Arnold*, 17 Pick. 4; *Bowne* v. *Paige*, 2 Tyler, 392.

It is evident from the whole case, that Mitchell is the only meritorious party; and being the equitable litigant, and having, as we believe, the law, the judgment will not be reversed.

Mr. Justice HANDY delivered the opinion of the court.

This was an action brought by the defendant in error against

the plaintiff in error in Yazoo circuit court, to recover certain lands lying in that county.

On the trial, the plaintiff below offered and read in evidence a mortgage executed February 3, 1841, by D. G. & R. Moore, to him, for the lands in controversy, and registered February 4, 1841. It was admitted that the defendant below was in possession, and that both parties claimed title through D. G. & R. Moore.

The defendant then offered in evidence a judgment against D. G. Moore, rendered on a forfeited forthcoming bond in Yazoo circuit court, on the 6th of May, 1839, an execution thereon tested of November term, 1844, under which the lands were levied upon but not sold, and a writ of *venditioni exponas* under which the lands were sold to the defendant on the 16th of March, 1846; also a deed to him from the sheriff for the same, acknowledged in November, 1846, and recorded in October, 1847. This record and deed were excluded from the jury as evidence, upon proof being made, that D. G. Moore, as whose property the lands were sold thereunder, died in the fall of 1843, and before the *teste* of the execution under which the levy was made, to which the defendant excepted.

The defendant then read in evidence a deed for the lands from Robert Moore to D. G. Moore, executed in May, 1839.

He also offered in evidence the record of a bill in chancery filed by the plaintiff in this action against several parties, including the defendant in this suit, to foreclose the mortgage upon the same property, for the recovery of which this suit was brought; the answers of the defendant to that bill, and the final decree of the chancery court showing that the bill was dismissed. This record was excluded from the jury, as not being pertinent to the issue, and the defendant excepted.

The judgment being for the plaintiff, the defendant sued out this writ of error.

The first error assigned is, the rejection of the execution under which the defendant claimed title, on the ground that the defendant, against whom it issued, was dead when it issued, and at the time at which it was tested.

This point has been fully settled by this court in the case of *Shelton's Lessee* v. *Hamilton*, 23 Miss. 496, which holds that a sale of land under execution issued and tested after the death of a defendant, without a revival, is not void, but merely voidable; and that a sale under it is valid until regularly set aside in a direct proceeding for that purpose by the heir or terre-tenant. The same principle had been previously held, and may now be considered the settled doctrine of this court. Of course the rejection of this evidence was erroneous.

Again, it was error to reject the record of the suit in chancery for the foreclosure of the mortgage upon the same lands sought to be recovered in this action. That suit was submitted, on final hearing, upon its merits, and the decree was against the plaintiff, that he was not entitled to foreclose the mortgage against the defendant. This was an adjudication of his right and title under the mortgage, which, while it remained unreversed and in full force, would bar him from setting up any title under the mortgage; for though the right both to file a bill to foreclose and to bring ejectment for the land exists, yet if he is not entitled to a foreclosure, and his bill for that purpose is dismissed on its merits, it would in effect be a discharge of the mortgage. If the decree dismissing the bill on its merits were erroneous, still it would stand as an adjudication of his right until reversed on error or otherwise duly set aside.

But it is insisted in behalf of the defendant in error, that although the court erred in these particulars, yet that the judgment was correctly rendered in his favor, because the judgment, under which the plaintiff in error purchased and claimed title, had lost its lien by not having been enrolled under the act of 24th of February, 1844, and by the sale not having been made until the lapse of more than two years from the 24th of February, 1844.

But although the lien of the judgment was gone, the sale under the execution was sufficient to convey the title of the defendant at least from the time it was made, except as against the superior title or prior liens. If the mortgage was discharged by the decree in chancery, no superior title was shown to that acquired by the plaintiff in error under the execution sale.

Upon the case as presented by the record, the judgment could not, therefore, have been properly rendered for the plaintiff below.

The judgment is reversed, and the case remanded.

A petition for a reargument was filed by the counsel for appellee in this case, but the court refused to grant a reargument.