## WILLIAM W. COOK et al. *v.* BUCKNER H. TOUMBS.

1. CHANCERY: JURISDICTION: CANCELLATION OF INFANT'S DEED.—A court of equity has jurisdiction of a bill to cancel a deed made by the complainant during his infancy, and to recover possession of the land thereby conveyed.
2. INFANTS: DEED: ESTOPPED.—An infant is not bound by his deed, nor estopped by any recital contained in it; and hence it is unnecessary, in a bill to cancel the deed on the ground of the infancy of the grantor, for the complainant to offer to refund the purchase-money stated in the deed to have been paid, if he aver that the deed was procured without consideration.
3. CHANCERY: JURISDICTION: SALE OF DECEDENT'S LAND WITHOUT REVIVOR.—A court of equity has jurisdiction to entertain a bill filed by the heir to vacate a sale of his ancestor's land, made under an execution issued and tested after the ancestor's death, where there has been revivor of the judgment.
4. SAME: PRACTICE AND PLEADING: RIGHT OF PURCHASER OF DECEDENT'S LAND SOLD WITHOUT REVIVOR OF JUDGMENT.—A *bonâ fide* purchaser of land at a sale made under an execution issued and tested after the death of the defendant, and when there has been no revivor of the judgment, is entitled, upon the sale being annulled at the instance of the heir, to have the amount of his bid refunded, if the judgment were a lien on the land; but it is unnecessary in a bill by the heir to vacate the sale to make the offer to refund.

APPEAL from the Chancery Court of Copiah county. Hon. John E. McNair, chancellor.

*King* and *Barlow,* for appellant.

1. A person, after his majority, has a clear and adequate remedy at law to avoid his deed made while an infant. 2 Kent's Com. 236; *Tucker* v. *Morehead,* 10 Pet. R. 71; *Worcester* v. *Eaton,* 13 Mass. 374; *Pool* v. *Mix,* 17 Wend. 132; *Badger* v. *Phinney,* 15 Mass. 359; *Roof* v. *Stafford,* 7 Cow. 179; *Roberts* v. *Wiggins,* 1 N. H. 73; *Hamlet* v. *Hamlet,* 6 Ib. 337.

2. When a minor, upon arriving at age, avoids his deed, he must restore the consideration bond. 2 Kent's Com. 240; *Badger* v. *Phinney,* 15 Mass. 359; *Roof* v. *Stafford,* 7 Cow. 179; *Roberts* v. *Wiggins,* 1 N. H. 73; *Smith* v. *Evans,* 5 Humph. 70; and he is estopped by his deed from denying the consideration expressed on it. 1 Greenl. Ev. § 26; see also *Alworth* v. *Cordtz,* 31 Miss. 32.

3. A court of equity has no jurisdiction to annul a deed, or set

aside a sheriff sale of land made after the death of the defendant and without revivor. 16 Johns. R. 572; 1 Con. 736; *Jordan* v. *Pool,* 6 Iredell, 288; *Harrington* v. *O'Reilley,* 9 S. & M. 216; *Shelton* v. *Hamilton,* 23 Miss. R. 496; *Hodge* v. *Mitchell,* 27 Ib. 560.

4. He who asks equity must do equity; and, as the judgment was a lien on the land, complainant ought to have offered to refund the amount bid.

*W. P. Harris,* for appellee.

The case of *Shelton* v. *Hamilton,* 23 Miss. 496, has recognized the right of the heir to set aside a sale made of the ancestor's lands under execution, issued and tested after his death without revival.

This is a right which the heir has, independent of the question of notice to the purchaser. It would be a very worthless right, if it depended on the matter of notice, and if its effectual assertion depended on the heirs making proof of notice. The purchaser, in this instance, as appears by the bill, must have known that the ancestor was deceased, because the bill shows that he bought part of the land from the heir shortly before the purchase, at sheriff's sale,—property owned by the ancestor in his lifetime, as averred in the bill,—Cook taking a quitclaim from the minor.

A purchaser knowing the ancestor to be dead, must be held to know what the record discloses, and what the execution discloses. If the record shows no revival, and the execution shows none, then he knows he is purchasing under an irregular execution. Where the record does not show a fact affecting the validity of the execution, as payment, notice must be averred.

The heir, on paying the purchase-money, if it went to discharge a debt which bound the land, is obviously entitled to have the land. This right he could have had, on being served with *scire facias,* and the remedy in equity is just what he would have had, under *scire facias.* How could this minor have come forward to quash the execution, of which he had no notice? He might have been an infant in the nurse's arms.

But it is insisted that he should first tender the money to Cook. If this was in the nature of a bill to redeem a mortgage and the like, they might be required; but in this case, a part of the decree

Cook et al. *v.* Toumbs.

will be, that the sale shall be recorded, or the purchaser reconvey the lands, on being paid the sum paid by him, if it shall appear that it was paid in good faith, and was a just charge. It would not be reasonable to hold that the minor must first find out the sum paid, and how it was applied, and then tender it. The cases in which tender is required, are when a specific chattel is known, and capable of delivery; or where the amount to be paid is fixed beyond all doubt. It is in the power of the court, on this bill, to do justice between the heir and purchaser, by decreeing the refunding of the money, with legal interest. The tender is not a condition precedent to the right to impeach the sale. The court may, in a proper case, make a decree for the relief of the purchaser. And it is not necessary to offer to do what the court will do, whether the offer is made or not.

If this is a right at all, it should not be embarrassed by technical qualifications.

Besides, the bill shows a clear equity to have the deed from complainant to Cook set aside.

This is the only direct proceeding known to set aside a sale; for quashal of execution does not affect a sale.

HANDY, J., delivered the opinion of the court.

This bill was filed by the appellee, showing that he is the heir at law of James Toumbs, who died in April, 1855, seised of certain described lands, which descended to the appellee and his brother, who is since deceased; that in October, 1855, and when the appellee was an infant about eighteen years of age, he executed a deed of conveyance for a certain described part of said land to the appellant Cook, which was obtained by said Cook by persuasion and contrivance, and without any valuable consideration whatever, the sum of one hundred dollars, expressed in the deed as the consideration, being entirely nominal; that before the death of James Toumbs, a judgment at law was rendered against him, in favor of one Wheeler, for the sum of $107 45, and costs of suit, on which an execution issued in March, 1855, on which a small sum was made by the sale of personal property of the deceased; and in November, 1855, after his death, another execution was issued, tested of June term, 1855, and returnable to December term, 1855,

under which the same lands were levied upon and sold by the sheriff, on the 3d December, 1855, to the said Cook, for the sum of $140, who received a deed from the sheriff for the same; that James Chapman claims title to the lands through purchase from Cook; that James Toumbs died intestate, and no administration has been granted upon his estate, and that the judgment against him was not revived by *scire facias*; that the land was sold at the sheriff's sale far below its actual value, being worth, at the time of sale, $1500. Prayer, that the deed from the appellee, and also the sheriff's sale and deed, be set aside.

The appellants demurred to the bill, on various grounds, and the demurrer being overruled, they thereupon took this appeal.

The first ground of demurrer here insisted on is, that the remedy was plain and ample at law, to recover the land. But this position is not tenable under the circumstances of the case.

The allegations of the bill show a case of fraud in obtaining the deed of the appellee without legal consideration; that the deed is outstanding, and that Cook has conveyed the land to a third party. The object of the bill is to vacate and cancel this deed, not merely to recover the land; and this, it is plain, a court of law is incompetent to do. In addition to this, it appears that Chapman claims title under purchase from Cook; and there is no form of action at law, by which both of these parties could be sued in one action, and their interests divested. Their interests are connected together, and it is proper both to them and for the relief sought by the appellee, that they should be proceeded against jointly, and a court of equity is plainly the proper forum in which to proceed.

2d. It is objected that the bill does not offer to restore the sum of one hundred dollars, the consideration stated in the deed to have been paid by Cook to the appellee.

The bill, however, alleges that neither this sum, nor any other consideration, was paid by the appellant, Cook, or received by the appellee, and that the statement of the consideration in the deed is not true. To this it is objected that the appellee is estopped by the recital in his deed. The objection is without force. The party being an infant, the deed had no force or effect against him, unless ratified after attaining to majority; and he was no more estopped by the consideration stated in it, than by anything else connected

with it. Moreover, the allegation of fraud, would obviate the suggestion of estoppel.

3d. It is insisted that a court of equity has no jurisdiction to set aside a sheriff's sale and deed under an execution against a deceased defendant, tested and issued after his death, and where the judgment has not been revived by *scire facias.*

It appears by the facts stated in the bill that Cook is chargeable with notice that the defendant in the execution was dead, and that the judgment had not been revived. He must have had notice of the former fact, for he had, previously to the sheriff's sale, taken the deed from the appellee as owner of the land, which he could scarcely have done unless his father was dead; and he was bound to take notice of the latter fact, because the execution under which he purchased showed it. Though a stranger to the execution, he was yet a purchaser with notice, in law, of the irregularity of the execution, and of course he is not entitled to protection as a purchaser under a valid and regular execution. But it is said that the sale and deed of the sheriff, can only be set aside by the court from which the execution issued.

It has been repeatedly held by this court, that such sale may be set aside by a direct proceeding, instituted by the heir for that purpose. *Smith et al.* v. *Winston et al.* 2 How. 601; *Shelton* v. *Hamilton,* 23 Miss. 496; *Hodge* v. *Mitchell,* 27 Ib. 560. This right, of course, can be exercised by the infant heir after he reaches his majority. But at that time the jurisdiction of the court from which the execution issued might have transpired, and the exercise of it might be doubtful for that reason, or by reason of the objections to the validity of the sale being of an equitable nature, which might not justify a court of law in setting aside the sale. But these difficulties do not exist in a proceeding instituted in a court of equity for setting aside the sale. In such a proceeding, the complainant sets forth the irregularity of the execution, his own minority, and prays that, for the reasons stated, the sale be set aside. No objection can be perceived to this mode of proceeding in equity against a purchaser who has purchased the land at sheriff's sale, with notice of their regularity of the execution, against the rights of the infant; and this ground of demurrer is not maintainable.

The last ground of demurrer is, that in order to set aside the sheriff's sale and deed, the bill should have tendered to Cook the amount paid by him in discharge of the judgment, which was a *lien* on the land, the payment being a discharge of a claim for which the land was chargeable, and therefore beneficial to the appellee.

It is true that if Cook was a purchaser in good faith at the execution sale, and paid the money in discharge of the judgment, he would be entitled to reimbursement before the relief sought by the bill would be granted. But this is rather a matter of defence, than a part of the complainant's case; and it would be entirely competent for the court, under the bill as now framed, to decree that the deed of the sheriff to Cook be set aside and delivered up to be cancelled, upon the appellant paying to him the sum of money paid by him in discharge of the judgment. Such a course is not inconsistent with the scope and prayer of the bill, and the court, in granting the relief sought, is competent to do so upon such equitable terms as may be shown to be just and proper.

Let the decree be affirmed, and the cause remanded, with directions that the appellants answer within sixty days.