James T. Cassidy, Cleveland, for defendant in error.

## NORTHWESTERN NAT'L INSURANCE CO v FERSTMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided March 21, 1932

**LEVINE, PJ.**

The defendant in error relies upon §9586 GC, which provides as follows:

"A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party, company, or association, thereafter issuing a policy upon such application or a renewal thereof, anything in the application or the policy to the contrary notwithstanding."

It is contended on the strength of said §9586 GC, that such knowledge as the soliciting agent obtained about the title of the property insured at the time or before the issuance of the policy is, as a matter of law, imputed to the insurance company. The trial court sustained this contention.

Our attention is directed by plaintiff in error to the latest pronouncement of the United States Supreme Court in the case of Sun Insurance Office, Petitioner v J. M. Scott (No. 28), Norwich Union Fire Insurance Society, Ltd., Petitioner, v J. M. Scott (No. 29) and Home Insurance Company of New York, Petitioner, v J. M. Scott (No. 30), and found in United States Supreme Court Advance Opinions 1931-32, 76 L. Ed., October Term, 1931, page 55, wherein it was held as follows:

"1. A provision in a fire insurance policy covering personal property, avoiding the policy should it be or become encumbered by a chattel mortgage without the consent of the insurer indorsed on the policy, is a valid stipulation, the violation of which constitutes a complete defense to an action on the policy.

"4. The knowledge of insurer's local agent of an encumbrance on the insured property is not imputable to the insurer so as to constitute the consent to an encumbrance required by the policy as a condition of the insurance remaining in force, by virtue of a statute which makes a person who solicits or takes an application for insurance the agent of the company, anything in the application or the policy to the contrary notwithstanding, where the policy provides that as to conditions therein which may be waived no officer, agent, or representative of the insurer shall have power to waive, or be deemed or held to have

waived, such provisions or conditions, unless such waiver, if any, shall be written upon or attached to the policy."

In the opinion the court comments upon §9586 GC, and also on the assertion of counsel, that decisions of the Ohio courts interpreting the statute are to the effect that the agency thus imputed to the solicitor extends to all matters of contract with respect to the policy, including consent to the alteration of its term, as follows:

"On its face the statute does not go so far. We have examined the authorities cited and fail to find that they give it any such force or effect. They do not, as respondent claims, define the scope of the agency created by the statute, but leave it to be defined by applicable principles of common law. In the present cases the policy limits its scope, and we think the written contract must control.

"For the reasons given it is, clear that the petitioners did not waive the condition against encumbrance nor consent to the giving of the chattel mortgage, and that there was nothing in the situation which deprived them of their defense based upon that condition."

The effect of this holding is that a policy of insurance is a contract in writing of such a nature as to be within the general rule of law that a contract in writing cannot be varied or altered by parol testimony.

This holding of the United States Supreme Court is in conformity with the previous decisions of the same court, principally Northern Insurance Company of London v Grand View Building Association, 183 U. S., page 308.

Contrasting syllabus four of Sun Insurance Office v Scott, supra, we quote syllabus one in the case of **Foster v Insurance Company, 101 Oh St 180,** as follows:

"The knowledge of the agent of a fire insurance company as to the title by which property is held, with respect to which property the agent acting within the scope of his apparent authority procures the issuance of a policy of fire insurance, is imputed to his principal, and is in law the knowledge of such principal."

It seems to us that there is a direct conflict between the holding of the United States Supreme Court and the consistent holding of the Supreme Court of Ohio on the question of whether the knowledge of an agent of a fire insurance company with respect to the title by which property is

held is imputed to his principal, the Insurance Company.

A study of the Foster case discloses that the court had before it various citations announcing a contrary, rule by the United States Supreme Court. We shall quote from page 188 of the Foster case supra, as follows:

"That parol evidence cannot be received to vary or modify the terms of the written policy is the substantial ground of the decision in Northern Assurance Co. v Grand View Bldg., Assn., supra. At page 361 Justice Shiras says: 'Contracts in writing if in unambiguous terms, must be permitted to speak for themselves, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, * * * this principle is applicable to cases of insurance contracts as fully as to contracts on other subjects.' Two further steps in the process of reasoning led the court to a final judgment for the insurance company. They are, first, 'The insured is presumed, as matter of law, to be aware of such limitations'—the voidance and nonwaiver clauses—and, second, 'There is no finding that the agent communicated to the company * * * the fact that there was existing insurance on the property and that he had undertaken to waive the applicable condition.'

"It is impossible to accept this reasoning. It is inded true that the insured cannot by parol vary a written obligation by which he has undertaken to be bound, or one which he accepted as the measured of his rights, either knowing its contents or having had a reasonable opportunity to know them. In either case he is held to the terms of the writing because he has made it his own. This is quite another thing from presuming him to know what in fact he does not know. If in such case he is held to the terms of a writing which he has not read, it is because his neglect to read after opportunity to do so is his deliberate acceptance, of the writing, or, rather, his election to be bound thereby, whatever its contents. If, again, in such case, the insured is deprived of his fancied security by the express terms of the written policy, he cannot plead his own neglect to circumvent the consequence of a written contract, which, so far as is known by the other contracting party, is in all respects open and fair."

It is quite clear to us that the doctrine of estoppel is the underlying ground for the holding in Ohio that the knowledge of the soliciting agent must be imputed to his principal.

We thus have before us two conflicting precedents and this court is called upon to choose whether it will follow the Supreme authority of the United States Supreme Court, or the highest authority of our own state which pronounced a contrary view on the same subject. The general rule seems to be that where only state stautes and policies are involved, a state court of a jurisdiction inferior to that of the state's highest tribunal is bound to follow the decisions of the highest tribunals of the State as against the decisions of the federal court including the decisions of the United States Supreme Court. In such matters the decisions of the Supreme Court of the United States, are of course entitled to the highest respect; but however high the consideration due to the decisions of that august tribunal, they cannot be above the reach of respectful examination and inquiry into the reasons and authority upon which they rest, when brought under review in the determination of a matter in a state court.

It seems clear that the essential difference between the United States Supreme Court and the Supreme Court of our own state lies in the application of the parol evidence rule. The rule pronounced by the Ohio Supreme Court in the Foster case does not attempt to set aside or infringe upon the parol evidence rule, but states that the doctrine of estoppel applies to this situation; that by the chancery power of the court the insurer will be enjoined, or estopped from setting up the restrictive terms of the policy as a defense to a suit at law by the assured based upon the policy, on the ground that to permit such defense at law would be to work inequity or fraud upon the insured. See **Foster v Insurance Company, supra,** page 190. On page 191 the opinion states: "In many jurisdictions the conclusion indicated is reached on the theory of estoppel."

Independent of the provisions of §9586 GC, or even in the absence of it, the doctrine of estoppel, which has become imbedded in our substantive law, when applied to a situation such as the case at bar would, under the Ohio decisions, bind the principal to such knowledge as the agent possessed prior to the issuance of the policy.

In this apparent conflict between the United States Supreme Court decisions and that of our own State Supreme Court, this court placed a great deal of reliance on the clear statement found in Wells on Res Adjudicata and Stare Decisis, 583, as follows:

"In matters of the construction of United States laws, treaties or constitutional provisions, the authority of the United States courts is, of necessity, paramount; while

a conversoe in the construction of state constitutions and state laws, the decisions of the courts of the particular state are paramount, and each is to follow the other in these respective spheres. The Mississippi court says of this relationship, in part: "While we entertain a proper respect for the opinions of the Supreme Court (of the United States) and are willing to yield to it the deference which is due to so distinguished a tribunal, yet when its decisions come in. conflict with those of this court in relation to questions over which the jurisdiction of this court is ample, and its decisions final, we feel bound to adhere to our own decisions. Any other rule would subject the opinions of this court to a degree of fluctuation and change greatly to be deplored. Retrospective legislation has always been deemed unjust and oppressive. Whenever courts of justice alter or change the rules of law they have once established, and on the faith of which contracts have been made, or rights acquired, many of the most injurious effects of retrospective legislation will result from such action." Shelton v. Hamilton, 23 Miss., 498.

We are content to rest our conclusion on the basis of the Foster case and to hold that the Insurance Company in the case at bar is estopped from asserting the restrictive provisions of the policy as a defense to the action by the assured or her assignee, on the ground that the record shows that the assured fully disclosed the true condition of the title to the property to the agent of the company before the policy was issued, and therefore to permit the defense of the restrictive clauses of the policy on the part of the Insurance Company under. the circumstances would be to work inequity if not fraud upon the assured.

### II

It is contended by the plaintiff in error that the defendant in error did not plead a waiver on the part of the defendant, neither did he plead fraud or mistake in the execution of the policy, nor did he seek a reformation of the policy; that upon the face of the policy the restrictive clauses appearing therein and under the admitted facts of the case no recovery could be had unless the policy was first reformed to conform to the representations made by the assured to the agent before the policy was issued.

We do not agree with this contention of plaintiff in error. The petition of the plaintiff contains the necessary allegations showing the issuance of the policy, the payment of the premium and the compliance with all conditions contained in said policy, the sustaining of the loss by fire and the prayer for judgment therefor. To defeat the cause

of action set forth in the petition the Insurance Company points to restrictive clauses in the policy which was denied in the reply. We hold by the application of the doctrine of estoppel that the Insurance Company is enjoined or estopped from asserting these restrictive clauses by way of defense, because the soliciting agent had knowledge of the true conditions as to title before the policy was issued. The denial in the reply of the existence of these restrictive clauses is in our opinion sufficient to invoke the doctrine of estoppel, in view of the evidence which discloses rather clearly that the agent of the company had full knowledge of the true conditions, and in view of the principle of law enunciated by the Ohio Supreme Court in the Foster case to the effect that such knowledge is imputable to the Insurance Company.

We do not deem it necessary to discuss other minor questions, as the matters discussed are decisive of the case before us.

For the reasons given the judgment of the Common Pleas Court will be affirmed.

WEYGANDT, J, concurs.
VICKERY, J, not participating.