## NORTHWESTERN NAT INS CO v HICKS et

Ohio Appeals, 1st Dist, Hamilton Co

No 4691. Decided Feb 11, 1935

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for plaintiff in error.

Matthews & Matthews, Cincinnati, Alton E. Purcell, Cincinnati, and M. Froome Barbour, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The main question stressed in the brief and the oral argument by counsel for the Insurance Company concerns the representation that the cost of the automobile was $1704, and that this was a material warranty, and, therefore, the policy was void and no recovery could be had under it.

The evidence as to the basis for fixing the cost is in the record, which discloses that the husband of Mrs. Hicks, the assured, made a deal with an Auburn automobile dealer for the automobile in question, and that the list price during the year in which the model was used was $2175. This was in 1930. The husband made the deal in February, 1931, at which time the list price had been reduced to $1495. The husband traded in a second-hand car in the deal and said it was a special deal, and that the cost to him was the cost which he gave to the general agent of the Insurance Company as the cost. The warranty clause in the policy says nothing of the list price. It asks for the "cost to ,assured including equipment, but excluding finance charges." The list price would be no criterion as to the cost to the purchaser at this time, even should we hold that the assured was bound by the statements made by her husband in procuring the insurance. The husband attended to all the transactions concerning the purchase of the car and the insurance secured. He was at the time a soliciting agent of the insurer. This was an issue in the case, but, for some reason, was not submitted to the jury. Under the record, it would seem that the Insurance Company had abandoned any defense under the claimed warranty.

Counsel for the Insurance Company moved for an instructed verdict, without

stating the grounds. This motion, the court overruled. No special instructions were asked. The record discloses the following:

"(Thereupon the court charged the jury as follows):

"MEMBERS OF THE JURY:

"As counsel for both parties in this case have stated, the simple question for you to determine is the actual cash value of this automobile on the date of its destruction by fire, and that date was December 18, 1931.

"By the terms of the policy the liability of the company is limited to the actual cash value on the date of the loss of the automobile."

From this, it appears that the case was submitted to the jury, by agreement of counsel, on the theory that but one question was for consideration, and that was the value of the automobile on the date of its destruction by fire, which value the jury fixed under evidence, and which amount the court will not disturb. If, however, this was not a waiver of that defense, we find under the authority of **Foster v Scottish Union & Natl. Ins. Co., 101 Oh St, 180,** that the company is estopped to set up the defense of breach of warranty by the fact that the value of the car was not fixed independent of any information by an agent of the company. This was also the holding in the case of **Northwestern National Ins. Co. v Ferstman, 42 Oh Ap, 55 (11 Abs 584).**

Counsel for the Insurance Company relies largely on the case of **The John Hancock Mutual Life Ins. Co. v Luzio, 123 Oh St, 616.** We have examined this case and are of opinion that it supports the principle announced in the two cases cited supra. Moreover, the policy sets forth in terms as follows: "This company's liability for loss and damage to the motor vehicle described herein shall not exceed the actual cost thereof to the assured nor the actual cash value thereof at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation however caused, and without compensation for loss of use."

Under this limitation, it is difficult to see how the statement as to cost becomes a material warranty. It is in the record that the company will insure 80% of the cost, which may or may not exceed the actual loss at the time of the fire. The loss as found by the jury is less than 80% of the list price of $1495, if it should be considered that the list price was the cost, which is not necessarily the case.

Our conclusion is, first, that the Insurance Company is estopped to defend on the ground of breach of warranty, the husband as agent or solicitor represented the company, and under the authorities, his knowledge is the knowledge of the company. The cost was fixed by him and not by the insured. Second, the question was waived in the submission to the jury, since the only question submitted, by concurrence of counsel, was the value of the automobile at the time of the fire. Third, the cost to the assured was nothing, since it was a gift to her from her husband, all of which the company knew, and, as heretofore stated, the cost was fixed by the agent of the company. Fourth, the representation as to cost was not material or prejudicial in the case.

We find no prejudicial error in the record, and the judgment is affirmed.

MATTHEWS and ROSS, JJ, concur.