Windell *v.* Hudson, Administrator.

No. 12,225.

WINDELL *v.* HUDSON, ADMINISTRATOR.

CONTRACT.—*Parol Agreement.*—*Statute of Frauds.*—A parol agreement between A. and B., that A. will pay or answer for the debt of B., is not within the statute of frauds.

SAME.—*Consideration.*—*Pleading.*—Where an action is founded upon a parol promise, it is necessary that the consideration of such promise should be stated with such particularity as will enable the court to decide whether or not it is sufficient.

DECEDENTS' ESTATES.—*Statement of Claim.*—*Pleading.*—*Practice.*—The "succinct statement" of a claim against a decedent's estate, as required by statute, must contain all the facts necessary to show *prima facie* that such estate is lawfully indebted to the claimant, or it is bad on demurrer.

From the Harrison Circuit Court.

*C. W. Cook*, for appellant.

*W. H. Hudson*, for appellee.

HOWK, J.—The only error assigned by the appellant, upon the record of this cause, is the ruling of the court in sustaining a demurrer, for the alleged want of sufficient facts, to his verified claim or complaint against the appellee, as administrator of the estate of Catharine Shields, deceased.

In his claim or complaint, the appellant, Windell, alleged, in substance, that, on the — day of ———, 187–, one Charles E. Miller instituted suit in the court below against the appellee's intestate, Catharine Shields, then in full life, and the appellant, for cutting down and removing certain timber trees from certain real estate, then in the possession of such decedent as tenant for life; that the appellant had purchased such trees of such decedent; that, at the time Miller instituted such suit, none of the trees had been removed by appellant, or by his authority; that as soon as appellant learned of such suit he informed the decedent that he would not remove such timber trees; that the decedent then and there offered and agreed with the appellant that she would pay all costs that might accrue against them by reason of such suit; that, thereafter, such proceedings were had as that the court

adjudged that the plaintiff in such suit recover of the defendants therein, namely, the appellee, administrator of such decedent, and the appellant, Windell, certain costs in such suit, amounting in the aggregate to the sum of $353.35; that such judgment remained wholly unpaid; that appellant stood charged, by such judgment, with the payment thereof; that appellant ought to have an allowance against such decedent's estate for the sum of $176.67, the one-half of such judgment; that whatever sum might be allowed to appellant ought to be applied to the payment of such judgment for costs, and he suggested that the court should so order; and that such sum of $176.67, after deducting all proper credits and set-offs, was justly due and wholly unpaid.

The question for our decision may be thus stated: Are the facts stated by appellant, in his claim or complaint, sufficient to show *prima facie* a valid and subsisting indebtedness to him from the estate of appellee's intestate? In section 2310, R. S. 1881, in force since September 19th, 1881, it is provided that the holder of any claim against a decedent's estate, whether such claim be due or not, "shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending." In so far as any question of pleading is concerned, there is no material difference between this statutory provision and the provisions of section 62 of the act of June 17th, 1852, for the settlement of decedents' estates. 2 R. S. 1876, p. 512. It was often held by this court, that the older statute did not require a regular complaint, under the ordinary rules of pleading, but merely a succinct statement of the claim. *Hannum* v. *Curtis*, 13 Ind. 206; *Ginn* v. *Collins*, 43 Ind. 271; *Post* v. *Pedrick*, 52 Ind. 490. But it has also been held, and correctly so, we think, that such succinct statement should contain all such facts as were necessary to show *prima facie* that the decedent's estate was lawfully indebted to the claimant, or it would be held bad on demurrer thereto, for the want of

sufficient facts. *Huston* v. *First Nat'l Bank,* 85 Ind. 21; *Moore* v. *Stephens,* 97 Ind. 271.

We learn from the briefs of counsel on both sides, that the appellant's claim or complaint, in the case at bar, was held bad on the demurrer thereto, because the agreement of the decedent mentioned therein was within the statute of frauds and void. As the appellant did not aver that such agreement was in writing, we must assume that it was an oral or verbal agreement. *Langford* v. *Freeman,* 60 Ind. 46; *Goodrich* v. *Johnson,* 66 Ind. 258; *Ice* v. *Ball, ante,* p. 42. But, although such agreement was verbal or oral, it was not within the statute of frauds. As it is stated in the claim or complaint, the decedent's agreement with the appellant was to pay or answer for, not the debt of another, but the appellant's own debt. Such an agreement is not within the statute of frauds, and, if it is supported by a sufficient consideration, it is a valid and binding agreement. *Louisville, etc., R. W. Co.* v. *Caldwell,* 98 Ind. 245.

This brings us to the real and fatal defect in appellant's claim or complaint, namely, its absolute failure to show that the decedent's promise or agreement was supported by any sufficient consideration. So far as the claim or complaint shows, the decedent's promise or agreement to pay the appellant's debt is, at most, a mere *nudum pactum.* "Where, as in this case, the action is founded upon a parol or oral promise, it is necessary that the consideration of such promise should be stated with such particularity as will enable the court to decide whether or not the promise sued upon is supported by a sufficient legal consideration." *Wheeler* v. *Hawkins,* 101 Ind. 486, and cases cited. Nothing was alleged in the claim or complaint, from which it can be inferred even, that the relation of principal and surety existed between the decedent and the appellant in the judgment for costs. Such judgment was apparently rendered in a suit by a reversioner against the tenant for life and her vendee, either to recover damages for waste committed or to enjoin the commission of

waste. In a suit for either purpose, of course all the tort-feasors were principals, and, between them, the relation of principal and surety could not exist.

We are of opinion, therefore, that appellant's claim or complaint did not state all such facts as were necessary to show *prima facie* that the decedent's estate was lawfully indebted to the claimant in any sum whatever. It follows that no error was committed by the court in sustaining appellee's demurrer to appellant's claim or complaint.

The judgment is affirmed, with costs.

Filed Sept. 23, 1885.