Culver, Administratrix, v. Yundt.

Filed Nov. 29, 1887.

---

| 112 | 401 |
|-----|-----|
| 113 | 86 |

No. 12,982.

CULVER, ADMINISTRATRIX, *v.* YUNDT.

DECEDENTS' ESTATES.—*Claims.—Complaint.—Requirements of.*—Under the statute a formal complaint is not required in presenting a claim against a decedent's estate, but it is necessary that there shall be such a statement of facts as will show a legal liability on the part of the estate, and as will, with reasonable certainty, indicate to the representative of the estate what he is called upon to meet.

SAME.—*Judgment.—Insufficient Complaint Upon.* — Where the claim filed against the estate of a decedent is founded upon a judgment against a gravel road company, and no facts are stated showing that the decedent was in any way a party to or interested in the judgment, other than the statement that one-seventh thereof is the proportionate share of the decedent, it is insufficient on demurrer.

From the Tippecanoe Circuit Court.

*A. L. Kumler*, for appellant.

*G. O. Behm* and *A. O. Behm*, for appellee.

ZOLLARS, J.—Appellant is the administratrix of the estate of Moses C. Culver, deceased. Appellee, claiming that the estate was indebted to him, filed as his verified claim or complaint the following:

"*Moses C. Culver to Paul Yundt, Dr.:*

" To his proportionate share of the balance due on a judgment for $2,268.05, rendered September 8th, 1874, in the Tippecanoe Circuit Court, in favor of Paul Yundt *v.* The Lauramie and Jefferson Gravel Road Company; amount of judgment $2,268.05; paid thereon $442.45, and leaving unpaid $1,825.60, one-seventh of which is the share of said Culver, $260.80, with 10 per cent. interest from September 8th, 1874."

To that claim or complaint a demurrer was filed by appellant, and overruled by the court below.

The statute in relation to filing claims against estates provides, as did those preceding it upon the same subject, that the claimant shall file a succinct and definite statement of his claim in the office of the clerk of the county in which the estate is pending. R. S. 1881, section 2310.

It has been held that, under those statutes, a formal and regular complaint, under the ordinary rules of pleading, was not and is not required. It has also been held that, to withstand a demurrer for want of facts, the statement of the claim must be succinct and definite, and contain all such facts as are necessary to show, *prima facie,* that the decedent's estate is lawfully indebted to the claimant. *Huston* v. *First Nat'l Bank,* 85 Ind. 21; *Windell* v. *Hudson,* 102 Ind. 521; *Moore* v. *Stephens,* 97 Ind. 271; *Walker* v. *Heller,* 104 Ind. 327.

While the statute does not require a formal complaint, it nevertheless requires such a statement of facts as will show a legal liability on the part of the estate, and as will, with reasonable certainty, indicate to the representative of the estate what he is called upon to meet. Hence it is that the statute requires that, if the claim be founded upon any writ-

ten instrument alleged to have been executed by the decedent, the original, or a complete copy thereof, shall be filed with the statement. And further, that if the claim be secured by a lien upon all or any part of the real or personal estate of the decedent, such lien shall be particularly set forth in such statement, and a reference given to where the lien, if recorded, will be found.

If the claim as filed were not required to be thus certain, the representative of the estate would be put to great disadvantage, and the estate might suffer loss for want of a proper defence. In the case before us the claim appears to be founded upon a judgment in favor of appellee against a gravel road company. There is nothing stated to show that the decedent was in any way a party to, connected with, or interested in, the judgment. The statements, " Moses C. Culver, Dr. to Paul Yundt, to his proportionate share " of the judgment, " one-seventh of which is the share of said Culver," are not statements of facts which show a legal liability, *prima facie* or otherwise, on the part of the estate; nor could the representative of the estate determine from them what he is required to meet. The estate may, or it may not, be indebted to appellee for a proportionate share of the judgment; but if there is any liability, such liability is dependent upon facts which are not stated. Culver was not a party to the judgment—at least, there is no averment that he was. How was he liable upon or for a judgment to which he was not a party? Was he a director of the gravel road company, or did he, for value, agree to pay a portion of the judgment? These are questions not answered by any statement in appellee's claim or complaint.

The demurrer to the claim or complaint should have been sustained. This court can not look to the evidence to determine that such an error is a harmless one. *Wilson* v. *Town of Monticello*, 85 Ind. 10; *Fleetwood* v. *Brown*, 109 Ind. 567; *Rush* v. *Thompson*, *ante*, p. 158.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court below to sustain appellant's demurrer to the appellee's claim or complaint.

