## Turpie et al. v. Lowe.

[No. 19,582.    Filed January 29, 1902.]

Appeal and Error.—*Harmless Error.*—Where in an action for the value of certain land conveyed to defendant, and for an accounting, defendant answered that plaintiff agreed to convey free of encumbrance, but that defendant was fraudulently induced to accept a deed in which he assumed certain encumbrances thereon, error, if any, in overruling a demurrer to such answer was rendered harmless by a finding sustaining the deed and holding that the clause assuming the encumbrances was inserted by mistake. *pp. 48–50.*

Law of Case.—*Trust Deeds.—Mortgages.*—In an action for an accounting under an alleged trust a decision of the Supreme Court on a former appeal holding that the conveyances alleged to be deeds, and to create a trust, were mortgages only, conclusively establishes the character of such instruments. *pp. 50, 51.*

Appeal and Error.—*Exceptions to Conclusions of Law.*—Exceptions to conclusions of law in gross by plaintiffs jointly are not available unless all of the conclusions were erroneous as to all of the plaintiffs. *pp. 52–54.*

From Cass Circuit Court; *C. W. Watkins*, Special Judge.

Action by William Turpie and others against Hugh Lowe for an accounting. From a judgment in favor of defendant, plaintiffs appeal. *Affirmed.*

*E. B. Sellers, M. Winfield* and *D. C. Justice,* for appellants.

*Guthrie & Bushnell,* for appellee.

DOWLING, J.—This case is here for the third time. *Turpie* v. *Lowe,* 114 Ind. 37; *Lowe* v. *Turpie,* 147 Ind. 652, 37 L. R. A. 233. After the last reversal the plaintiffs below filed an amended complaint in four paragraphs. James H. Turpie, one of the plaintiffs, having died, his administrator was substituted. An answer in fourteen paragraphs was filed by the defendant Lowe, together with a cross-complaint. Demurrers to the answers were overruled. The matters stated in the affirmative answers and in the cross-complaint were denied. 'Emma J. Turpie and Moses B. Earnhart, administrator of the estate of Mary F. Turpie, also filed their cross-complaint against Lowe, to which there was an answer in denial. Certain pleadings were filed by other parties, but they require no attention. At the request of the appellee the court made a special finding of the facts, and stated its conclusions of law thereon. Exceptions to the conclusions of law were taken by all the plaintiffs. There were motions for a *venire de novo,* and for a new trial. Judgment was rendered in favor of the appellee. The plaintiffs below appeal. The errors assigned and discussed are the rulings on the demurrers, on the exceptions to the conclusions of law, and on the motions for a *venire de novo,* and for a new trial.

The action is for an accounting, and to recover divers sums of money alleged to be due from the appellee to the appellants. The first and second paragraphs of the complaint as amended, charge that divers lots and parcels of land, together with certain personal property, were, conveyed by the Turpies to Lowe, *in trust,* pursuant to an agreement, partly in writing and partly oral, for the purposes and upon the conditions that Lowe was to manage said property, and sell and dispose of the same; that out of the proceeds of such sales he was to pay the debts of the Turpies, and discharge the encumbrances upon the said property, including a claim

Turpie *v.* Lowe.

for $2,000 due to Lowe himself; that Lowe was authorized to keep any or all of said property as his own in fee simple; that he was authorized to make necessary advances for the payment of taxes, or to protect said property, on all which advances interest at the rate of eight per cent. per annum was to be allowed him; that Lowe was to have $1,000 for his services as such trustee; that, after paying the said debts and liens, Lowe was to account to the Turpies for the residue of the proceeds of such sales either in money or by the reconveyance of any of said lands remaining undisposed of. It is further averred that immediately after receiving the said conveyances Lowe denied the trust, claimed all of the property as his own, and refused to account to the Turpies for anything received by him. The second paragraph charges that the Turpies conveyed, and caused to be conveyed, a large quantity of real estate and personal property to Lowe, *in trust,* for the purposes mentioned in the first paragraph, from which the second does not materially differ, except that it says nothing about a written agreement concerning the trust. The third paragraph alleges that the appellee is indebted to the appellants in the sum of $20,000 on account of the purchase money of certain real estate and personal property in Ohio, sold and conveyed by the Turpies to Lowe. In the fourth paragraph the appellants seek to recover the purchase money for one-half of a tract of land in Ohio, known as the "Stark farm", and for certain personal property alleged to have been sold and conveyed by the Turpies to Lowe.

The fourth paragraph of the answer was confined to that part of the third and fourth paragraphs of the complaint which related to the conveyance of the "Stark farm", in Delaware county, Ohio, to Lowe. It alleged, in substance, that Lowe never received such a deed for the land as the Turpies agreed to execute; that the Turpies enclosed a deed in a sealed envelope, and falsely represented to Lowe that it

was executed in conformity to their contract; that he failed to examine it; that the Turpies procured Lowe's wife to mail the sealed envelope, which they had addressed to the recorder of Delaware county, Ohio; and that the deed so enclosed in fact contained a clause declaring that the grantee assumed the payment of a mortgage debt on the land to the amount of $10,000, and another to the amount of $1,000, together with all taxes up to, and including, the year 1885; and that none of said conditions had ever been agreed to by said Lowe. The answer further stated that, before discovering the fraud, Lowe paid out $1,565.36 on account of the purchase money under his agreement with the Turpies. The answer shows a breach of the contract to convey the land to Lowe. That agreement was an unconditional one. The Turpies were not authorized to insert the covenant for the payment of existing encumbrances by Lowe. Lowe was under no obligation to accept the conveyance. If the Turpies wrongfully caused the deed to be recorded, their act did not impose on Lowe an obligation to tender a reconveyance of the land. But, even if the answer was insufficient, the ruling on the demurrer was harmless, for the reason that the court, by its special finding, sustained the deed, while holding that the covenant providing for the payment of the debts and liens by Lowe was inserted by mistake.

The fifth paragraph of the answer set up the defense of an estoppel by the record. It stated that, by the decision of this court on a former appeal, the conveyances which in the present suit were alleged by the appellants to be deeds and to create a trust were decided to be mortgages only, and that Lowe never took possession of any of said lands under said conveyances, but that said deeds were, in fact, executed by the Turpies, and accepted by Lowe as mortgages. The decision of the court holding that the deeds executed by the Turpies to Lowe were intended to secure debts due to Lowe, and such future advances as

might be made by him for the benefit of the Turpies, upon the facts pleaded, conclusively established the character of those instruments in this suit. Neither Lowe nor the Turpies could be heard to say that the conveyances were absolute and unconditional. There was no error in the ruling on the demurrer to this answer. Besides, independently of the decision of the Supreme Court upon the nature of these conveyances, the special finding clearly shows that they were executed by the Turpies and received by Lowe as mortgages. The failure of the consideration for the payment of the purchase money of the "Stark farm" is sufficiently shown by the sixth answer, and likewise by the seventh. The material averments of the eighth paragraph of the answer are that all of the lands described in the alleged conveyances to Lowe were sold for taxes and upon judgments against the Turpies, and the proceeds applied to the payment of such liens and encumbrances. This was sufficient to relieve Lowe from liability, even if he had held the property as a trustee, as alleged in the third and fourth paragraphs of the complaint. *Turpie* v. *Lowe,* 114 Ind. 37; *Lowe* v. *Turpie,* 147 Ind. 652, 37 L. R. A. 233.

The ninth paragraph of answer properly sets out a claim for moneys paid by Lowe for the Turpies, and other debts due to Lowe, and no valid objection to it is pointed out. The tenth paragraph of the answer, which goes to the whole complaint except that part which seeks a recovery on account of a sale of the one-half of the "Stark farm" and the personal property, sets forth the agreement in writing under which the deeds were made by the Turpies to Lowe, and shows that the deeds were executed by way of security, and were subject to a written covenant of defeasance, and that Lowe held them as mortgages. The answer was not objectionable on any of the grounds insisted upon by appellants. The eleventh paragraph of the answer, which applies to the personal property on the "Stark farm", is, in substance, a plea of payment, and, though somewhat in-

formal, is sufficient. The twelfth paragraph of answer sets
out the written agreements under which the Turpies were
to convey to Lowe the one-half of the "Stark farm", and
alleges that they misrepresented the amount of the encum-
brances on the land, and failed to pay the one-half of such
encumbrances, as they had agreed to do; that Lowe paid
$1,565.36 on account of his half of the encumbrances; that
the land was sold to discharge the unpaid liens and encum-
brances, and brought more than the balance agreed to be
paid by Lowe; and that the proceeds of the sale were ap-
plied to the payment of the encumbrances on the land. The
facts so stated seem to constitute a full defense to the claim
of the appellants on this branch of the case. The thirteenth
paragraph of the answer to the fourth paragraph of the
complaint charges that the appellee was induced by fraud
and misrepresentation of the state of the title to the land
and personal property mentioned in said fourth paragraph,
to enter into a contract, the facts constituting such fraud
being specifically pleaded. The answer is long, and it
would serve no useful purpose to set it out. The allegations
of fraud are, as we think, sufficient to entitle the appellee to
relief from this contract. The fourteenth paragraph of an-
swer to the third paragraph of the complaint charges a
breach of the contract by the appellants, alleges that they
failed to perform the agreement, and that they practiced
a fraud on the appellee. If these averments were true,
the appellants certainly could not recover against the ap-
pellee on the contract sued upon.

The exceptions to the conclusions of law were in gross,
and were taken by the appellants jointly. The conclusions
were as follows: (1) "As to Emma J. Turpie and Mary
Turpie, on their cross-complaint, that the law is with Lowe,
and that they, and neither of them, take anything by their
suit, and that as to them Lowe have judgment for his costs.
(2) That as to the plaintiffs Turpie and Turpie and Tur-
pie's administrator, as to first and second paragraphs of

complaint, the law is with Lowe, and that Lowe recover of plaintiffs his costs laid out and expended. (3) That as to the third and fourth paragraphs of plaintiffs' complaint, and on Lowe's answer to the same, and on the cross-complaint of Lowe, on an accounting, and that on such accounting Lowe have judgment over on his cross-complaint in the sum of $12,867.67; that the same is a lien on all property conveyed to Lowe; that Lowe have foreclosure of the same without relief, and personal judgment over as against plaintiffs."

The exception taken to these conclusions was in this form: "And the plaintiffs now except to the conclusions of law upon the facts as found." Unless all of the conclusions were erroneous as to all of the plaintiffs, the exception in this form could avail none of them. We are not prepared to say that such error exists. The finding does not state a single fact which supports any paragraph of the complaint. Without regard to the former decision of this court upon the character of the conveyances executed by the Turpies to Lowe, the court finds that they were mortgages, and not deeds creating a trust. The other facts found authorize the conclusions stated by the court. We will not enter into a minute calculation of the precise amount due from the Turpies to Lowe. If a mistake in the computation was made, there should have been a motion to modify the judgment. The finding of facts, with the conclusions of law thereon, was sufficiently full and definite to sustain the judgment, and the court did not err in overruling the motion for a *venire de novo.*

No attempt was made to bring up the evidence, and in its absence few of the reasons assigned for a new trial can be considered. We have examined all the causes available to the appellants, but none of them is sufficient to overthrow the finding. The cross-complaint of Lowe was not so indefinite as to require the court to arrest the judgment, and the motion in arrest was properly overruled.

In regard to the errors separately assigned by Emma J. and Mary Turpie, we are of the opinion that the court could

not be required to make separate findings of fact as to each separate plaintiff or defendant, or group of plaintiffs or defendants. A single finding, if otherwise sufficient, and embracing all the material facts in issue, would bring into the record everything essential to the correct determination of the question of the validity of the conclusions of law. Moreover, the request for a special finding by these parties was not made until the court had begun to read its finding, and, in any view of the case, was entirely too late.

A very careful review of the whole record convinces us that the conclusions arrived at by the court were just and equitable, and that by its finding and judgment substantial justice has been meted out to the parties.

Judgment affirmed.