HOPKINS ET AL., APPELLANTS, *v.* KITTS, RESPONDENT.

(No. 2,516.)

(Submitted March 5, 1908.   Decided March 9, 1908.)

[94 Pac. 201.]

*Appeal—Time for Taking—Jurisdiction—Dismissal—De Minimis Non Curat Lex—Remarks of Court—Harmless Error.*

Appeal—Time for Taking—Jurisdiction—Dismissal.

1. An appeal from a judgment of the district court in a case appealed to it from a justice's court, not taken within ninety days after entry of judgment as required by Laws of 1899, page 147, will be dismissed for lack of jurisdiction in the appellate court to entertain it.

Same—Motion to Dismiss—Insufficient Notice—When Immaterial.
    2.  Failure to give sufficient notice of a motion to dismiss an appeal
    on the ground that it was not taken in time is immaterial, since the
    question thus raised is jurisdictional and, therefore, may be raised at
    any time.
Same—Error—*De Minimis Non Curat Lex*—Affirmance.
    3.  Under the maxim *de minimis non curat lex,* a judgment will not
    be reversed for errors operating to appellant's prejudice in the sum
    of seventy-six cents only.
Trial—Remarks of Court—When not Prejudicial.
    4.  Remarks of the court, made at the close of defendant's testimony,
    on a motion of plaintiff for a directed verdict, relative to the state
    of the case as then made, were not prejudicial where thereafter plain-
    tiff introduced rebuttal testimony and the disputed questions were
    fairly submitted to the jury.

*Appeal from District Court, Fergus County; E. K. Cheadle,
Judge.*

ACTION by A. Hopkins and another against Margaret Kitts.
From a judgment for defendant, and from a denial of a new
trial, plaintiffs appeal.    Affirmed.

*Messrs. DeKalb & Mettler,* for Appellants.

*Messrs. Ayers & Marshall,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This is an appeal from an order of the district court of Fergus
county denying the plaintiffs' motion for a new trial.    There
is also an attempted appeal from the judgment, made and en-
tered on April 17, 1907; but since this case was tried in the
district court on appeal from a justice of the peace court and the
appeal was not taken to this court within ninety days after entry
of judgment in the district court, this court does not acquire
jurisdiction of the appeal from the judgment, and that at-
tempted appeal is dismissed.    (Code Civ. Proc., sec. 1723, as
amended by Act of the Sixth Legislative Assembly, Laws 1899,
p. 147.)    This question being one of jurisdiction, it could be
raised at any time, and the failure of counsel for respondent to

give sufficient notice of their motion to dismiss is of no consequence. However, all questions raised, which could have been presented on either or both of the appeals, may be presented on the appeal from the order denying a new trial.

There are five specifications of error, but the first, fourth and fifth raise the same question, namely, the insufficiency of the evidence to sustain the verdict. It is also said that the jury must have taken into consideration a payment of $1.75, alleged to have been made by the defendant, but consideration of which was withdrawn from the jury by the court in its instructions. The evidence is conflicting, but if we exclude from consideration the $1.75, and credit the several payments as of the proper dates, the plaintiffs could not have recovered more than seventy-six cents, and upon an appeal to this court in a case involving so small an amount, we will apply the maxim, *De minimis non curat lex.*

The third assignment relates to errors in law occurring at the trial. Exception is taken to certain remarks made by the court during the trial. While these do not constitute errors in law, within the meaning of subdivision 7 of section 1171 of the Code of Civil Procedure, but, if errors at all, fall within subdivision 1 of that section, still we may overlook this, and consider the alleged errors as if properly specified.

At the conclusion of defendant's testimony the plaintiffs interposed a motion for a directed verdict. This motion was properly overruled. The court made certain observations as to the state of the case at that time. Considered from a strictly legal standpoint, these remarks were applicable to the case then made; but, in any event, the plaintiffs proceeded to introduce rebuttal evidence, and upon the conclusion of the testimony the disputed questions were fairly submitted to the jury, and a verdict returned in favor of the defendant.

The appeal from the judgment is dismissed. The order of the district court refusing the plaintiffs a new trial is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.