LOGAN *v.* HITE, ADMINISTRATOR ET AL.

[No. 27,018. Filed March 22, 1938. Rehearing denied May 31, 1938.]

*Daily, Daily & Daily, Jesse E. Martin, Hugh D. Wickens,* and *George H. Meiks,* for appellant.

*H. N. Hipskind,* and *Rollin A. Turner,* for appellees.

SHAKE, J.—Orange H. Logan died intestate, a resident of Decatur County, Ind., on September 3, 1926. He was survived by his widow, Emma D. Logan, and their two children, Clem G. Logan and Nellie Logan, and by Earle C. Logan, a son by a former marriage. The widow qualified as administratrix of her husband's estate. She died on March 27, 1935, and the appellee Edgar E. Hite was duly appointed and qualified as her successor.

On March 20, 1933, Nellie Logan filed a claim against her father's estate for $12,878, for continuous personal services rendered by her from the date that she became of age, on June 14, 1904, until the date of the death of her father, on September 3, 1926, for which, she says, the decedent promised and agreed to pay and reward her the reasonable value thereof at his death. Four days

after the claim was filed it was allowed for the full amount by the administratrix.

On August 31, 1933, the appellant, Earl C. Logan, filed the action from which this appeal is prosecuted, in the Decatur Circuit Court. There was a change of venue to the Shelby Circuit Court, where the appellant filed an amended complaint, setting forth his interest in his father's estate, and that he did not learn of the allowance of said claim until July 18, 1933. He further charged that the allowance of said claim was improper because it was barred by the statute of limitations, and that there was fraud and collusion between the claimant and her mother, the administratrix. He asked that the allowance be set aside and that he be permitted to defend. Actions of this character are clearly recognized under our practice (*Rodebaugh et al.* v. *Rodebaugh* [1923], 79 Ind. App. 324, 138 N. E. 263), notwithstanding the statute provides that proceedings to set aside the allowance of claims must be filed within sixty days, and that the person seeking to resist the claim must give bond. (§6-1017 Burns' Ann. St. 1933, §3135 Baldwin's 1934.)

The administratrix filed a general denial and Nellie Logan filed a separate answer in three paragraphs. The first paragraph was a general denial. The second and third paragraphs alleged that the claimant had a special contract with her father, by the terms of which she served him and her mother during the lifetime of each. The third paragraph contained the further allegation that as compensation for her past and prospective services under said contract, her father conveyed to her in his lifetime certain real estate, but that said conveyance was set aside by proceedings in court on April 28, 1927, by reason of which said consideration failed, so that her claim against her father's estate did not accrue until said 28th day of April, 1927. To the second and

third paragraphs of separate answer of Nellie Logan, the appellant addressed a general demurrer upon the grounds that each of said paragraphs of answer set up a different contract than that upon which her claim was based; that the statute of limitations had run against the claim originally filed, and that inasmuch as the deed referred to in the third paragraph of answer had been set aside, said pretended conveyance could not be relied upon as a consideration for the contract, and that its cancellation would not toll the statute of limitations.

The court overruled the appellant's demurrer to the second and third paragraphs of the separate answer of Nellie Logan, and this constitutes the first assignment of error not waived.

Our probate code requires that claims against decedents' estates shall contain a "succinct and definite statement thereof." §6-1001, Burns 1933, §3119 Baldwin's 1934. This statute is entitled to a liberal construction. The word "succinct," as used, means brief, precise, exact. *Wolfe* v. *Wilsey* (1891), 2 Ind. App. 549, 28 N. E. 1004. A formal complaint is not required, but there must be such a statement of facts as will show a legal liability on the part of the estate and indicate to its representative what he is called upon to meet, with reasonable certainty. It must contain all such facts as are necessary to show, *prima facie*, that the estate is lawfully indebted to the claimant. *Culver* v. *Yundt* (1887), 112 Ind. 401, 14 N. E. 91; *Lockwood* v. *Robbins* (1890), 125 Ind. 398, 25 N. E. 455. Enough must be alleged to bar another action for the same demand. *Ginn* v. *Collins* (1873), 43 Ind. 271; *Davis et al.* v. *Huston et al.* (1882) 84 Ind. 272.

A debt payable on the death of one of the contracting parties may be asserted as a claim against his estate.

*Price et al.* v. *Jones* (1886), 105 Ind. 543, 5 N. E. 683. In such a case the statute of limitations does not begin to run until death occurs. *Ohio Farmers Insurance Co.* v. *Dobbs* (1920), 74 Ind. App. 685, 126 N. E. 869, 129 N. E. 484.

The claim which Nellie Logan filed against her father's estate covered a period of services from June 14, 1904, until his death, on September 3, 1926. Since it is not averred that the agreement was in writing, it will be presumed to have been oral. *Windell* v. *Hudson* (1885), 102 Ind. 521, 2 N. E. 303. The six year statute of limitations was therefore applicable to the claim. §2-601 Burns 1933, §60 Baldwin's 1934. The statute began to run on the death of the decedent and expired on September 3, 1932. The claim was not filed until March 20, 1933. When a claim against an estate discloses on its face that it is barred by the statute of limitations, it is insufficient. *Leimgruber* v. *Leimgruber* (1908), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593.

By her second and third paragraphs of answer to the appellant's amended complaint, Nellie Logan sought to establish that there was a contract with her father for the care of her father and her mother as long as *either of them* lived. It is apparent, therefore, that the contract pleaded in the answer is a different contract than that which was the basis of the claim. But appellees say that this is entirely permissible in view of the liberal rules of pleading applicable to claims against estates. Our attention is directed to a number of authorities holding that the "theory rule" of pleading has no application to the statement of claims against estates, and that a claimant may set up a claim upon one theory and recover on a different. *Masters* v. *Jones et al.* (1902), 158 Ind. 647, 64 N. E. 213; *Caldwell* v. *Ulsh* (1916), 184 Ind. 725, 112 N. E. 518; *Thornburg* v. *Buck* (1895), 13 Ind. App. 446, 41 N. E.

85; *Taber et al.* v. *Zehner* (1911), 47 Ind. App. 165, 93 N. E. 1035.

As we understand the above authorities they go no farther than to hold that where one theory appears from the claim, and the evidence offered in support thereof is of a character to establish the claim upon a different theory, this is not a fatal-variance so long as a legal liability is shown, the personal representative of the estate is not deceived or misled as to the nature of the claim he is required to meet, and a finding for the claimant would bar another demand within the facts charged in the claim and established by the evidence. Such was the situation shown in *Masters* v. *Jones et al., supra,* where the only variance disclosed was that the claim was on an implied contract and the evidence adduced in support thereof established an express contract of the same tenor. The other cases cited above are to the same effect. We do not think the rule relied upon by appellees goes so far as to permit a claimant to charge an express contract covering a definite period of time, and then recover on another contract covering a different period of time. This would lead to endless uncertainty and confusion. The personal representative of the estate could not know what he was called upon to meet.

Where a reply abandons the cause of action alleged in the complaint, and avers facts tending to constitute a right of action for another cause inconsistent therewith, this constitutes a departure, and makes the reply insufficient to withstand a demurrer. *Hartlep* v. *Murphy* (1926), 197 Ind. 222, 228, 150 N. E. 312, and cases there cited. See, also, 37 C. J., p. 1231. It follows that appellant's demurrer to the second and third paragraphs of the separate answer of the appellee Nellie Logan to the amended complaint should

have been sustained, and the overruling of the same constituted a reversible error.

Error is also predicated on the overruling of appellant's motion for a new trial, and the assignments thereunder are that the decision of the court is not sustained by sufficient evidence and is contrary to law; also, that the trial court erred in admitting in evidence, over appellant's objection, certain testimony offered on behalf of the appellees. Each of these assignments presents the proposition that the statute of limitations had run on Nellie Logan's demand for services performed prior to her father's death, as set forth in her original claim. These are, in substance, the same objections that were urged against Nellie Logan's second and third paragraphs of answer, and what we have said on the subject of the demurrer to the answer expresses our views on the subject. We do not deem it necessary to review the evidence or set out the testimony objected to, since a new trial must be ordered.

Reversed, with directions to grant a new trial, and to sustain appellant's demurrer to the second and third paragraphs of the separate answer of the appellee Nellie Logan to appellant's amended complaint.

Tremain, J., not participating.