HULL, EXECUTRIX, ET AL. v. BURRESS

[No. 17, 988. Filed June 29, 1950.]

508

510

*John O. Moomaw* and *Orval D. Hunter*, both of Bloomfield, for appellants.

*N. George Hasser* and *Paul Messick*, both of Terre Haute, for appellee.

BOWEN, J.—This is an appeal from a judgment on a claim against a decedent's estate. The cause was tried by the court, and the court made a finding and entered judgment for appellee in the sum of $2,133.

Errors assigned by the appellant, Helen Hull, as Executrix of the Estate of King L. Hull, deceased, and the estate of King L. Hull, deceased, and not waived are: That the trial court had no jurisdiction to pronounce the judgment appealed from; that the court erred in pronouncing judgment against the estate of King L. Hull, deceased, instead of Helen Hull, as executrix of the estate of King L. Hull, deceased; that the court erred in overruling the motion of appellant for a new trial, the grounds of which were that the decision of the court is not sustained by sufficient evidence and is contrary to law, the assessment of the amount of recovery is erroneous being too large, and that the defendant has since the trial of the cause and judgment therein discovered new, competent, and material evidence which could not, with reasonable diligence, have been produced at the time of the trial of said cause.

Additional error assigned is the action of the trial court in permitting the introduction into evidence of plaintiff's Exhibit "D" over appellant's objection.

In support of the contention that the trial court had no jurisdiction to pronounce the judgment appealed from, appellant asserts that the claim does not contain

a statement of facts showing legal liability in the part of the estate, or showing, prima facie, that the estate is lawfully indebted to claimant, and that the claim was not sufficient as a matter of substance to confer jurisdiction of the subject-matter upon the court.

Our statute with reference to claims against decedents' estates, Sec. 6-1001, Burns' 1933 requires that the holder of a claim shall file a succinct and definite statement thereof in the office of the Clerk in which the estate is pending. No formal complaint is required and such statute is entitled to a liberal construction. A claim is sufficient if it shows legal liability on the part of the estate, and indicates to its representative what he is called upon to meet with reasonable certainty. *McCulloch* v. *Smith* (1900), 24 Ind. App. 536, 57 N. E. 143; *Logan* v. *Hite, Admr.* (1938), 214 Ind. 233, 13 N. E. 2d 702; *Culver* v. *Yundt* (1887), 112 Ind. 401, 14 N. E. 91; *Lockwood* v. *Robbins* (1890), 125 Ind. 398, 25 N. E. 455.

The pleading in the instant case entitled "more specific verified claim" definitely specifies exact hours and dates for which amounts are claimed from decedent's estate. Such claim contains sufficient substance to bar another action for the same demand. *Ginn* v. *Collins* (1873), 43 Ind. 271; *Davis et al.* v. *Huston et al.* (1882), 84 Ind. 272.

While it is true such claim does not contain a specific description of the nature of the services, evidence was introduced without objection showing nursing services were performed by claimant. Where evidence has been introduced to an essential fact not pleaded and such fact has been determined under the evidence, the judgment will not be reversed on account of such defect in the pleading. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 369, 484.

Appellant's assignment of error that the trial court had no jurisdiction to pronounce the judgment appealed from is, therefore without merit.

The appellant contends that the trial court erred in rendering the judgment appealed from against the estate of King L. Hull, deceased, instead of Helen L. Hull, as executrix of the estate of King L. Hull, deceased, citing Sec. 6-1016, Burns' 1933 which provides that the court shall render judgment against the executor or administrator. However, it has been held that a judgment against an administrator, as such, is not substantially, but merely, nominally, a judgment against him. It is a judgment against the estate which he administers, payable out of the estate, and is never to be paid unless the estate is able to pay it. *Egbert* v. *State* (1853), 4 Ind. 399; 1 *Henry's Probate Law* (5th Ed.), § 322, p. 419.

The action of the trial court in rendering judgment for plaintiff against the estate of King L. Hull, deceased, instead of a judgment in the name of the executrix, while technically erroneous is not ground for reversal, since the executrix was merely the nominal party and the representative of the estate, and the judgment was in substance and actuality against the estate, and the payment of such judgment by law must come from such estate.

After the filing of the claim against the estate as required by law, the executrix became a party by operation of law, and the appellee's failing to name the executrix in her statement of claim did not invalidate the same. *Bowman et al.* v. *Citizens Nat'l Bank of Martinsville et al.* (1900), 25 Ind. App. 38, 56 N. E. 39.

Appellant's assigned grounds in the motion for a new trial include the specifications that the decision of

the court is not sustained by sufficient evidence and that it is contrary to law.

An examination of the record discloses the following evidence on behalf of the claimant: Dr. H. B. Turner testified he was the attending physician for the decedent during his last illness; that the nature of his illness required nursing services; that he saw decedent two or three times a day; that the private nurse on duty with the decedent was the claimant. Dr. Turner also testified that he had a conversation with the decedent with regard to the services of claimant, and that in that conversation the decedent told him that he had not paid the claimant and that he did not want Dr. Turner to pay her but that he wanted her to file a claim against his estate; "that she could file a claim and that he wanted her to make it big enough that she would be wholly paid for all she had done"; that also Dr. Van Sandt was present at the time of this conversation. Dr. Van Sandt in his testimony testified he recalled a conversation with the decedent when Dr. Turner was present and statements were made concerning payment to claimant for nursing services. Dr. Van Sandt testified that he was not the attending physician of decedent, but that he saw him every day. That the decedent had a private nurse from December 7, 1946 until March 16, 1947; that such nurse was the claimant and that he saw her every day he was there.

Dr. M. J. Mount testified that he visited the decedent at various times while he was a patient in the hospital, and that the claimant was rendering professional nursing services to the decedent. Dr. John W. Woner testified that the claimant was the decedent's professional private nurse during his last sickness.

In addition to the testimony of the foregoing physicians, there was the testimony of others as to the performance of nursing services during the time set forth

in the claim, and that the decedent wanted the claimant to file a claim against his estate for the services performed by her. We feel that the evidence recited herein was substantial and that from this evidence, the claim of decedent was established by substantial evidence of probative value and from reasonable inferences to be drawn from such evidence.

The appellant, however, insists there is a failure of proof in that appellee has failed to produce direct evidence of the performance of the services for the exact days and hours set forth in the claim, and that such burden was upon appellee.

Under our statute the claimant's lips were sealed, and for many of the hours only claimant or decedent would have direct knowledge of the performance of such services. But the testimony of witnesses that the claimant was the decedent's private nurse, and that they saw claimant and decedent two or three times a day would justify a reasonable inference that the services were continuous for the hours alleged in the claim.

The exactitude insisted upon by counsel for the appellant would amount to rules of proof of absolute technical perfection, and above and beyond any reasonable standards of proof requirements, and such requirements would be wholly impracticable of application to the degree insisted upon in determining facts affecting human obligations in courts of justice.

There was substantial evidence of probative value to sustain the finding and decision of the trial court.

The appellant further contends that the evidence shows that the deceased at times was under the influence of narcotic drugs when he made statements concerning the filing of a claim against his estate by claimant, citing the case of *State of Idaho* v. *Fong Loon* (1916), 29 Idaho 248, 158 Pac. 233. The court

in such case stated, "We do not mean to hold in this case that the fact that a witness is an habitual user of opium or morphine excludes his testimony unless it is shown that he is mentally irresponsible as a result of the use of such drug when examined as a witness. But we mean to hold that the habitual use of . . . narcotics which inevitably tend to impair the mind, destroy the memory and moral character of a witness may be shown for the purpose of affecting his credibility or the weight that should be given his testimony."

In the instant case the question sought to be presented as to decedent's use of narcotic drugs merely went to the credibility and weight of the evidence, and it was a matter solely for the trial court's determination.

In support of the ground in appellant's motion for a new trial of newly discovered evidence, the appellant has furnished an affidavit which was introduced into evidence and incorporated in the record in this appeal by a special bill of exceptions. Such evidence showed that on January 16, 1947, a day during which appellee claims pay for nursing him, the decedent, Dr. Hull, delivered a baby at the hospital where decedent was confined during his illness and where he died. Appellant states this adds to the general picture of the improbability of appellee's claim being accurate or in good faith, and that a proper reconsideration of such newly discovered evidence might have produced a different result on the retrial of this cause.

The granting of a new trial by reason of newly discovered evidence is largely within the trial court's discretion, and on appeal the judgment of the trial court will not be disturbed unless the new evidence is so convincing as to raise a strong presumption that a different result would be reached on a second trial. *Munson* v. *Quinn* (1941), 110 Ind.

App. 277, 37 N. E. 2d 693; *Cobler, Admr.* v. *Prudential Ins. Co.* (1941), 108 Ind. App. 641, 31 N. E. 2d 678.

If such evidence is merely cumulative and not of such materiality as to indicate it would bring about a different result in another trial, the refusal of the court to grant a new trial under such circumstances is not reversible error. *Munson* v. *Quinn, supra.*

Such newly discovered evidence as set forth in appellant's affidavit would merely raise some doubt about the charges of claimant for one day. Appellant states that this adds to the general picture of the improbability of appellee's claim. Such evidence was merely cumulative, and does not disclose circumstances giving rise to a strong presumption that a different result would be reached on a second trial.

The determination of whether newly discovered evidence is cumulative is not a question of law but one for the sound discretion of the trial judge. Such discretion will not be interferred with by this court on appeal except in cases of manifest abuse. *Lowry* v. *Indianapolis Traction etc.* (1921), 77 Ind. App. 138, 126 N. E. 223; *Oberlander* v. *Fixen* (1900), 129 Cal. 690, 62 Pac. 254.

The action of the trial court in refusing to grant appellant's motion for a new trial on the assigned ground of newly discovered evidence was not reversible error.

The appellant assigns as error of law occurring at the trial the action of the trial court in admitting into evidence plaintiff's Exhibit D, which purported to be a certain hospital record covering the month of December, 1946. The appellant objected to such exhibit on the ground that it was self-serving; that no proper foundation was laid for it, and that it would not tend to prove any facts set out in

plaintiff's claim. It is true that no proper foundation was laid for the introduction of this document into evidence. However, such document by reason of its insufficient identification was of little probative force and in that it purported to cover but one month of plaintiff's claim.

This case was tried by the court without the intervention of a jury, and the decision of the court does not depend on this evidence for its support. On the whole record before us, we think it could not have been harmful to the appellant. *Romey* v. *Glass* (1950), 120 Ind. App. 279, 91 N. E. 2d 850; *Shira* v. *State ex rel.* (1918), 187 Ind. 441, 119 N. E. 833.

The decision of the trial court is sustained by sufficient evidence and is not contrary to law.

One of the grounds of appellant's motion for a new trial is that the assessment of the amount of recovery is erroneous being too large. The appellant asserts that a rather remarkable thing occurred in that the court awarded appellee the full amount of her claim. No claim is made that the rate of charges for nursing services are excessive, but that appellee has claimed for more hours than she could reasonably perform services under the circumstances.

The court rendered judgment in the total amount of the claim, $2,133.00. The last item of such claim included charges for 31 hours and five minutes after decedent's death. The charges for such services would be $31.09. By reason of the evidence and exact specification of the claim, it would appear that this is not a case of miscalculation of the amount due, which should be presented to the trial court by a motion to modify the judgment, but that the judgment clearly included such charges for services performed after the death of the decedent. *Turpie et al.* v. *Lowe* (1902), 158 Ind. 47, 62 N. E. 628. However,

such amount, $31.09, of a total judgment of $2,133 which otherwise does not appear to be excessive clearly comes within the doctrine of *de minimus non curat lex*. A judgment for a very nominal sum more or less than it should have been will not, because of such error, be reversed. *Brady* v. *Ranch Min. Co.* (1907), 7 Cal. App. 182, 94 Pac. 85; *Hopkins* v. *Kitts* (1908), 37 Mont. 26, 94 Pac. 201; *Abbott* v. *Walker* (1910), 204 Mass. 71, 90 N. E. 405.

In the Brady case, *supra,* the court applied the maxim of *de minimus non curat lex* to a contention on appeal that a judgment for $1,000 should be reduced by the sum of $17.70.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 93 N. E. 2d 213.