E. H. PURCELL & COMPANY, INC. v. AGRICIDE CORPORATION

[No. 18,676.   Filed May 17, 1956.]

*C. A. Lincoln* and *James P. Murphy,* of Fort Wayne, for appellant.

*James W. Jackson,* of Fort Wayne, for appellee.

CRUMPACKER, J.—The appellee sued the appellant on an open account alleging sales of its products to the appellant at various times from June 3, 1949, to February 28, 1950, in a total sum of $6,307.60 against which credits were allowed in the sum of $5,084.00 leaving a balance due of $1,223.60. The appellant

answered in compliance with Rule 1-3 and in addition filed a cross-complaint alleging that certain items purchased from the appellee were not as represented but on the contrary were worthless and by their use it suffered damages in the sum of $2,433.48. Trial was to the court and resulted in a finding for the appellee on its complaint in the sum of $773.60 and against the appellant on its cross-complaint. Judgment was entered accordingly.

The appellee is the developer and owner of a system of pest control for flying and crawling insects known as the "Turbocide System of Control." In connection with this system it manufactures a certain chemical known as M-50 and a device for its application known as a generator. M-50 is represented as a fly control insecticide, the use of which is effective for 90 days. The appellee issues franchises to dealers or operators authorizing their use of "Turbocide System of Control" within certain specified territories and in connection therewith sells them the required insecticides. The generators, however, are not sold to the operators but merely leased to them on either a monthly rental basis of $7.50 per month or on what the appellee calls a permanent charge of $60.00 per generator. During the period of the account here involved, the appellant was a franchise operator of the "Turbocide System of Control" in Fort Wayne and vicinity and as such had 20 generators in its possession upon the monthly rental basis. The account sued upon represents a charge for generator rentals of $2,295.00 which the appellant contends is an overcharge of approximately $1,200.00. The balance of the account is largely made up of charges for M-50 purchased by the appellant and used by it in the conduct of its business.

The evidence and briefs of counsel indicate that this controversy revolves, almost entirely, around an item of $1,200.00 which the bill of particulars attached to the appellee's complaint shows was credited to the appellant on November 8, 1949. The appellee contends that this credit was extended to the appellant in full settlement of its claim for damages resulting in the use of defective M-50 for which it later sued by way of cross-complaint in this action. On the other hand, the appellant insists that said credit was given to adjust the overcharge for generator rentals as above indicated and therefore the court's finding against it on its cross-complaint was in total disregard of the wholly undisputed evidence that it was damaged to the extent of $2,433.48 through its use of M-50 which the appellee admits was unsuitable for the use and purpose for which it was sold.

Obviously the court accepted the appellee's version of the purpose for which the disputed credit was given as it found against the appellant on its cross-complaint, the only defense to which was said alleged compromise settlement. The finding being negative, we are powerless to disturb it because of the facts involved unless the pertinent evidence is all one way and forces the conclusion that the appellant was denied relief to which such evidence shows he was entitled. *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 105 N. E. 2d 348. Robert H. Fletcher, president of the appellee corporation, testified that on and prior to November 8, 1949, the appellant, through its president E. H. Purcell, had been complaining about the ineffectiveness of M-50 and of the damages to its business its use had brought about, and on said day he and said Purcell met in the appellant's office for the purpose of discussing said claim. He admitted there was merit

in Purcell's complaint and after considerable negotiation he offered him $1,2000.00 in full settlement thereof which Purcell, in behalf of the appellant, accepted and thereupon the appellee's bookkeeping department selected two charge items on the account totaling $1,200.00 and showed them discharged by credit memoranda. The items so discharged were for generator rentals. The appellant contends that this evidence, being entirely oral, has no probative value because the credit memoranda referred to are in writing and are dated November 7, 1949. This is one day before the alleged settlement was reached and therefore, the appellant argues, the disputed credit could not possibly be in discharge of the appellant's claim for damages but on the contrary reasonable men are forced to the conclusion that the credit is just what it appears to be— an adjustment of an overcharge for generator rentals. The evidence discloses, however, that at that time there was no issue between the parties involving generator rentals nor had the appellant made any claim that it was overcharged in respect thereto. Nor is there any evidence as to when the credit memoranda involved, although dated November 7, 1949, were actually issued and delivered. The court may have concluded, in view of all the facts and circumstances, that the appellant's version of the credit was unlikely as he had made no claim of excessive generator charges up to that time and that said memoranda were dated November 7, 1949, through inadvertence or mistake. We do not feel that we can say, as a matter of law, that the above facts force a conclusion contrary to that reached by the court in reference to the $1,200.00 credit item under consideration. This being true we cannot disturb the court's finding against the appellant on its cross-complaint as there is evidence in the record justifying the

conclusion that the cause of action therein sued upon is fully paid and satisfied.

This leaves for consideration the appellant's contention that the evidence is insufficient to support the court's finding on the appellee's complaint in the sum of $773.60. How the court arrived at that figure we are unable to determine from the evidence but the appellant insists the recovery should not have been in excess of $23.60 in any event. While this court is not a board of accountants or a fact finding body, it appears to us that the undisputed evidence shows an overcharge in generator rental of $970.00 and the finding for the appellee should have been in the sum of $253.60. If this be true, the most that can be said in criticism of the court's decision is that it is excessive. Although an excessive verdict or decision is grounds for a new trial the cases are legion in this state that a specification that the decision is not sustained by sufficient evidence and is contrary to law presents no question as to error in the amount of recovery. *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440, and cases cited. Furthermore if the court's decision is in error through a mistake in the computation of undisputed figures there should have been a motion to modify the judgment and, in the event of its being overruled, error should have been predicated upon such ruling. *Turpie* v. *Lowe* (1901), 158 Ind. 47, 53, 62 N. E. 628. The present record discloses no such procedure.

Judgment affirmed.

NOTE.—Reported in 134 N. E. 2d 233.