CLINE, ETC. *v.* WEBB ET AL.

[No. 19,091. Filed February 5, 1960.]

*Howard S. Grimm, Howard S. Grimm, Jr., Grimm & Grimm,* of Auburn, and *Alphonse C. Wood,* of Angola, for appellant.

*Harold D. Stump, Warren G. Sunday,* both of Auburn, and *Gerald Deller,* of Angola, for appellees.

SMITH, J.—This action was instituted by Merrill Cline as next friend of his infant son, Merrill Cline, Jr. The complaint alleged that, while dismantling a frame shed located on the premises owned by the appellees Omar Webb and Vera Webb, the appellant, Merrill Cline, Jr., found secreted therein separate rolls of legal paper money issued by the United States of America and two silver dollars in the total amount of $658.00.

The facts as disclosed by the record are substantially as follows: The Webb family and the Cline family resided on adjoining property in the City of Auburn. The children of these two families involved in this action are Merrill Cline, Jr., the appellant, and appellee Jerry Cline, both sons of Merrill Cline, Sr. and his wife, Eleanor Cline; and appellee Linda Webb, a daughter of appellees Omar Webb and Vera Webb.

An old shed located on the Webb property was being torn down by Omar Webb who, on August 3, 1954, pushed over the building. In falling, the building left a pile of rubble and debris consisting of the framework of the building, shingles, siding, boards, screens, bottles

and cans, all about 1½ feet in depth. The appellant, Merrill Cline, Jr., who was then approximately 15 years of age, was employed by Omar Webb to sort and stack the rubble and clean up the debris. While so engaged, the appellant, in removing a board, located a roll of old currency which he first took to his mother; and, accompanied by his mother, he then took the currency to the Webb residence. The roll of currency was counted and was found to contain the amount of $80.00. The appellant then escorted Jerry Cline and Linda Webb to the rubble pile and pointed out to them the area, approximately 4 feet in diameter, wherein he had found the money; whereupon the appellant returned to the Webb residence without making a further search. Jerry Cline and Linda Webb made a search of the area indicated by the appellant and located additional rolls of old currency. The roll of currency found by Jerry Cline was found to contain the sum of $240.00; but the amount of money contained in the roll of currency found by Linda Webb was not definitely established by the evidence. All three children then returned to the rubble pile wherein the appellant and Jerry Cline each found a silver dollar. The evidence of the three children indicates that each child found only one roll of currency, however the evidence, although somewhat confusing, seems to indicate that five rolls of currency were found.

The complaint in substance asserted that the appellant is the lawful owner of all of said rolls of currency and is entitled to the possession thereof; and that the appellees, Omar Webb and Vera Webb, wrongfully and unlawfully retained the possession thereof to the appellant's damage in the sum of $1,500.00.

To this complaint the appellees, Omar Webb and Vera Webb, filed an answer in two paragraphs, one being in denial and affirmance and the other being an affirmative

answer. The appellant filed a reply to their affirmative answer in two paragraphs, one in denial and affirmance and the other an affirmative reply. The appellees, Omar Webb and Vera Webb, filed an answer in denial to appellant's second paragraph of reply.

The appellees, Jerry Cline and Linda Webb, each filed separate answers to the complaint in two paragraphs, one paragraph in denial and affirmance and the other paragraph an affirmative answer which alleged, in substance, that the appellees, Jerry Cline and Linda Webb, and the appellant, Merrill Cline, Jr., were joint finders of the rolls of currency and that each were entitled to the possession of one-third of the money so found.

Upon the issues thus joined the cause was submitted to the court for trial without the intervention of a jury. The court found for the appellant, Merrill Cline, Jr.; that he was the finder and entitled to the possession of $81.00 of the rolls of currency involved herein; that he had received the sum of $52.00 from the appellees, Omar Webb and Vera Webb, and that there was due the appellant from said appellees, Omar Webb and Vera Webb, the sum of $29.00.

The court found for the appellee, Jerry Cline, on his affirmative answer; and that he was the finder and entitled to the possession of $241.00 of the money involved herein, which was due him from the appellees, Omar Webb and Vera Webb.

The court found for the appellee, Linda Webb, on her affirmative answer; and that she was the finder and entitled to the possession of $336.00 of the money involved herein, which is due her from the appellees, Omar Webb and Vera Webb.

Judgment was duly entered upon the above findings and against the appellees, Omar Webb and Vera Webb for costs. From this judgment this appeal is taken.

The appellant relies on one assignment of error, namely: that the trial court erred in overruling his motion for a new trial. In his motion for a new trial the appellant recites the following grounds: (1) that the decision and finding of the trial court is not sustained by sufficient evidence; and (2) that the decision of the trial court is contrary to law.

The appellee, Jerry Cline, assigned cross-errors based on the following grounds: (1) that the trial court erred in its finding and judgment for appellant and appellee, Linda Webb; (2) that the finding of the trial court is not sustained by sufficient evidence; (3) that the finding of the trial court is contrary to law; (4) that the decision of the trial court is not sustained by sufficient evidence; and (5) that the decision of the trial court is contrary to law.

It is evident from an examination of the record that the judgment entered by the trial court was an affirmative judgment in favor of the appellant, Merrill Cline, Jr., in the net amount of $29.00; an affirmative judgment in favor of the appellee, Jerry Cline, in the amount of $241.00; and an affirmative judgment in favor of the appellee, Linda Webb, in the amount of $336.00. It is also evident that neither the appellant nor the appellees, Jerry Cline and Linda Webb, filed a motion to modify the judgment; and that the question of the amount of recovery was not specifically raised in appellant's motion for a new trial.

Insofar as the issues presented by appellant's complaint are concerned, the specification in the motion for a new trial that the decision is not sustained by sufficient evidence presents no question. It appears that the main concern of the appellant is that the amount of recovery is too small.

However a specification in a motion for a new trial

that the verdict or finding of a trial court is not sustained by sufficient evidence, or is contrary to law, presents no question as to the amount of recovery. In the case of *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440, the appellant, Elmer Thompson, brought an action against the appellee, Town of Fort Branch, to recover damages occasioned by the death of the appellant's minor son, whose death was alleged to have been caused by the negligence of the appellee. The appellant sought to recover for lost services of his son and for funeral expenses. The cause was submitted to a jury for trial and the jury returned a verdict assessing appellant's damages in the sum of $1.00. Appellant assigned as error the fact that the trial court erred in overruling his motion for a new trial. In his motion for a new trial the appellant in part relied upon the following grounds: (1) that the verdict of the jury was not sustained by sufficient evidence; and (2) that the verdict of the jury was contrary to law. In support of his claim that the verdict of the jury was not sustained by sufficient evidence and was contrary to law, the appellant discussed evidence bearing on the question of the amount of damages; appellant's theory being that, since the evidence shows damages greatly in excess of the amount of the verdict, the verdict was not sustained by sufficient evidence. The court in deciding this issue said the following:

> "It is well settled in Indiana that an assignment as cause for a new trial, that the verdict or finding is not sustained by the evidence, or is contrary to law, presents no question to this Court as to the amount of damages."

The same question was before this Court for its consideration in the case of *E. H. Purcell & Company, Inc.*

v. *Agricide Corporation* (1956), 126 Ind. App. 476, 134 N. E. 2d 233. In considering the question raised by the appellant that the evidence was insufficient to support the finding of the court, this Court said:

"This leaves for consideration the appellant's contention that the evidence is insufficient to support the court's finding on the appellee's complaint in the sum of $773.60. How the court arrived at that figure we are unable to determine from the evidence but the appellant insists the recovery should not have been in excess of $23.60 in any event. While this Court is not a board of accountants or a fact finding body, it appears to us that the undisputed evidence shows an overcharge in generator rental of $970.00 and the finding for the appellee should have been in the sum of $253.60. If this be true, the most that can be said in criticism of the court's decision is that it is excessive. Although an excessive verdict or decision is grounds for a new trial the cases are legion in this state *that a specification that the decision is not sustained by sufficient evidence and is contrary to law presents no question as to error in the amount of recovery.* . . . Furthermore if the court's decision is in error through a mistake in the computation of undisputed figures there should have been a motion to modify the judgment and, in the event of its being overruled, error should have been predicated upon such ruling. *Turpie* v. *Lowe* (1901), 158 Ind. 47, 53, 62 N. E. 628. The present record discloses no such procedure." (Our emphasis.)

The question remaining for our determination is whether the decision and finding of the trial court is contrary to law. Under the specification that the decision is contrary to law, the appellant must establish that he was denied relief to which the evidence entitled him. It is only when the trial court has applied the wrong principle of law to the facts established by the evidence, or the evidence is without

conflict and leads inescapably to one reasonable conclusion contrary to that reached by the trial court, that the decision appealed from will be set aside on the ground that it is contrary to law. *Candy, Administrator* v. *Hanmore* (1881), 76 Ind. 125, 128; *Theo. Losche & Sons, Inc.* v. *Chas. Williams & Associates, Limited* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447; *Pokraka, et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669. The evidence in the case at bar is in conflict, and appellant has not demonstrated that the court applied the wrong principle of law to the facts established by the evidence. It is incumbent upon the appellant to establish error by the record and the appellant has failed in this case to sustain that burden.

The appellee, Jerry Cline, has undertaken to assign in his cross-errors matters which should have been presented to the trial court. No foundation was laid in the trial court for such assignment and questions assigned by cross-errors cannot be presented for the first time upon appeal. *Anderson Lumber & Supply Co.* v. *Fletcher et al.* (1950), 228 Ind. 383, 387, 89 N. E. 2d 449.

Judgment affirmed.

Bierly, P. J., Kelley and Gonas, JJ., concurring.

NOTE.—Reported in 164 N. E. 2d 367.